**PEOPLE'S COUNSEL OF the DISTRICT OF COLUMBIA, Petitioner,**

v.

**PUBLIC SERVICE COMMISSION of the District of Columbia, Respondent,**

Potomac Electric Power Company, Intervenor.

No. 79–1037.

District of Columbia Court of Appeals.

Argued Jan. 30, 1980.

Decided April 3, 1980.

John T. Schell, Washington, D. C., with whom Brian Lederer, Washington, D. C., was on the brief, for petitioner.

Edward A. Caine, Washington, D. C., with whom William C. Gardner, Washington, D. C., was on the brief, for intervenor.

Before KELLY, KERN and FERREN, Associate Judges.

PER CURIAM:

Potomac Electric Power Company ("Pepco") filed a motion to dismiss the People's Counsel's petition for appeal in this case on the ground that People's Counsel had not timely filed its application for reconsideration with the Public Service Commission ("Commission") and, therefore, that this court lacked jurisdiction to hear the appeal. Having examined the pleadings and the record, and having heard oral argument on the motion to dismiss, we conclude that publication of the Commission's final order occurred when the Commission released the written text of its final order on July 18, 1979, nineteen days after the Commission publicly announced its decision at a "sunshine" hearing. Accordingly, petitioner's application for reconsideration on August 17, 1979, was timely filed, and we have jurisdiction to hear this appeal. Pepco's motion to dismiss is therefore denied.

I.

On July 26, 1977, Pepco filed an application for a rate increase with the Commission, docketed as Formal Case No. 685. In response, on June 14, 1979, the Commission issued Proposed Order No. 6096. Interested persons submitted written exceptions, and

the Commission heard oral argument. On June 29, 1979, the Commission held a "sunshine" hearing, see D.C.Code 1978 Supp., § 1–1503a, at which it stated that the purpose of the meeting was to "announce the final decision in Formal Case 685." At that time, the Commission announced its adoption of Proposed Order No. 6096, subject to two previously-filed exceptions (one of which the Commission modified).[1] The Commission released a printed copy of Final Order No. 7000 in Formal Case No. 685 on July 18, 1979.

On August 17, 1979, People's Counsel filed an application for reconsideration of the Commission's final decision. The Commission failed to act upon this application within thirty days.[2] People's Counsel then filed with this court a petition for appeal from the Commission's final decision. On November 15, 1979, Pepco filed a motion to dismiss the petition on the ground that, because People's Counsel had not timely filed its application for reconsideration, this court lacked jurisdiction to hear the appeal.[3] This court heard oral argument on the motion to dismiss on January 30, 1980.

## II.

■ The issue posed by Pepco's motion to dismiss is whether, for purposes of D.C. Code 1973, § 43–704, the word "publication"

means (1) the Commission's formal announcement on June 29, 1979 of its final decision in Formal Case No. 685 at the "sunshine" hearing, or (2) the Commission's release on July 18, 1979 of Formal Order No. 7000, the written version of its final decision in Formal Case No. 685. There are no Commission rules defining what constitutes "publication" of its final orders or decisions. Nor are there any cases that specifically deal with the issue.

Assuming that all exceptions were filed and properly served on all parties prior to the "sunshine" hearing,[4] we conclude that the Commission's final decision in Formal Case No. 685 was rendered at the June 29 "sunshine" hearing. We find nothing in the written text of the final order (Final Order No. 7000) that modifies the decision announced on June 29. However, we hold that the "publication" which triggered the thirty-day period within which a party must file an application for reconsideration was the Commission's July 18, 1979 release of the written text of its final order or decision. Thus, "publication" under § 43–704 does not necessarily occur on the same date that the "final order or decision" is announced. Cf. Capitol Hill Restoration Society v. Zoning Commission, D.C.App., 380 A.2d 174, 181–83 (1977).[5]

1. First, the Commission abandoned its initial proposal for no rate increase for the class of users under 450 kilowatt hours. By a 2 to 1 vote the Commission agreed to include that class in the across-the-board increase, with street lighting excepted. Second, the proposed order reflected People's Counsel's recommendation to reduce the rate-base by the amount of unamortized credit for termination of the Douglas Point construction. Pepco excepted, arguing that, at a minimum, the rate-base reduction should relate only to unamortized credit as of the close of the test year. By a 2 to 1 vote, the Commission rejected Pepco's exception, but compromised by eliminating half the unamortized credit applicable to the test year.

2. Failure of the Public Service Commission to act upon an application for reconsideration within thirty days "shall be deemed a denial thereof." D.C.Code 1973, § 43–704.

3. The filing of an application for reconsideration within thirty days after "publication" of a final Commission order or decision is a condi-

tion precedent to any appeal brought to this court, D.C.Code 1973, § 43–704. This court has held that § 43–704 is mandatory and jurisdictional. Watergate Improvement Ass'n v. Public Service Comm'n, D.C.App., 326 A.2d 778, 781 n.4 (1974); Goodman v. Public Service Comm'n, D.C.App., 309 A.2d 97, 100 n.2 (1973).

4. Nothing in the record or at oral argument on the motion to dismiss suggests that this assumption of regularity in the proceedings below is erroneous or unwarranted.

5. In view of the fact that Commissioner Stratton's term of office expired on June 30, 1979, there would be a serious question as to the validity of the final decision in Formal Case No. 685 if that decision had been made on July 18, not June 29, since the statute does not provide for a Commissioner to hold over until a successor is appointed. However, we need not resolve this issue because we conclude that the Commission's final decision was made on June 29. The transcript of the "sunshine" hearing

The distinction between decision and publication is significant here. Although the Commissioners announced their positions at the "sunshine" hearing, they did not elaborate on their reasoning, but merely expressed views about certain of the exceptions (some accepted, some rejected). Absent a complete elaboration, "publication" cannot be said to have occurred within the meaning of § 43–704 before the Commission's release of the written text of its final order or decision. This follows from the requirements that (1) the Commission not only must issue a final order or decision but also must specify its criteria and clearly explain how its findings rationally support the order, *Washington Public Interest Organization v. Public Service Commission*, D.C.App., 393 A.2d 71, 78 (1978); and (2) a party must file its application for reconsideration within thirty days of publication; a failure to include a specific allegation of error in the application bars consideration of the issue on appeal. D.C.Code 1973, § 43–704. Until a party has received the Commission's complete written elaboration, it is not in a position to file an application for reconsideration, at least not without substantial risk of losing its opportunity to pursue missed issues by way of petition for appeal to this court. Accordingly, we reject Pepco's argument that any interested or affected party could take the text of Proposed Order No. 6096, a copy of the written exceptions, and the transcript of the "sunshine" hearing and have the practical equivalent of the written text of the Commission's final order. To hold otherwise would impose an unwarranted burden on parties seeking review of final Commission orders and decisions by forcing them, at least to some extent, to speculate as to the Commission's formal reasoning, in order to preserve an issue for appeal by including it in their application for reconsideration.

III.

Because the Commission's final order in Formal Case No. 685 was not published until the release of the written text of the final decision on July 18, 1979, People's Counsel's application for reconsideration was timely filed. Accordingly, we have jurisdiction to hear this appeal and thus deny Pepco's motion to dismiss.

indicates that the Commissioners had reached their final decision and were making public their votes. There is a strong presumption of regularity of administrative agency actions. *Dupont Circle Citizens Ass'n v. District of Columbia Board of Zoning Adjustment*, D.C.App., 364 A.2d 610, 615 (1976). In the absence of any evidence to the contrary we assume that the Commissioners considered the written exceptions and oral arguments in reaching their *decision in this case*. Furthermore, at the "sunshine" hearing, Chairman Patterson stated that "the final decision *incorporating* the results of what we have announced today will be issued shortly." [Emphasis added.] We find it reasonable to presume that the Commissioners would not be voting publicly unless, prior to that vote, they had elaborated to themselves the reasons for decision eventually incorporated into the written order. We therefore view the issuance of the written text of the final order on July 18, 1979, as a ministerial act whereby the Commission merely elaborated and published the decision it had reached and announced publicly (with Commissioner Stratton's participation) at the "sunshine" hearing on June 29, 1979.