**Jacqueline KING, Petitioner,**

v.

**PUBLIC SERVICE COMMISSION OF
the DISTRICT OF COLUMBIA,
Respondent.**

**No. 07–AA–1343.**

District of Columbia Court of Appeals.

Nov. 25, 2008.

Before PRYOR, WAGNER, and KING,
Senior Judges.

PER CURIAM:

This case is before the court on appeal from an adverse final order from the Public Service Commission dismissing a petition for reconsideration as untimely filed. *See* D.C.Code § 34–604(b) (2001). The Commission had earlier concluded that petitioner had failed to demonstrate, by a preponderance of the evidence, that she was charged excessively for electric service. Instead of filing a petition for reconsideration to seek review of the Commission's decision on the merits, as is required by statute, petitioner appealed to this court. That appeal was dismissed for lack of jurisdiction. A belated petition for reconsideration was dismissed by the Commission as untimely. (A copy of the order is an appendix to this opinion.) Petitioner's request for relief from the order is the subject of this appeal.

 In the area of administrative law, it is a familiar principle that an agency's interpretation of a pertinent statute or regulation is entitled to deference when reviewed by an appellate court. *Genstar Stone Co. v. District of Columbia Dep't of Employment Servs.*, 777 A.2d 270, 272 (D.C.2001). Thus, this court has consistently upheld the Commission's interpretation that the statutory requirement to file a petition for reconsideration from an adverse decision is jurisdictional. *See Peoples' Counsel v. Public Serv. Comm'n of the District of Columbia*, 414 A.2d 520, 521 n. 3 (D.C.1980); *see also Moore Energy Res., Inc. v. Public Serv. Comm'n of the District of Columbia*, 785 A.2d 300, 305–06 (D.C.2001) (holding that timely filing of petition for review on appeal is jurisdictional in nature, irrespective of counsel's failure to sign petition on behalf of corporation). We therefore conclude that the Commission did not err in dismissing the instant petition as untimely.[1]

---

1. Upon review of the record and pleadings filed, we also conclude, on the merits of the

We hereby vacate the order entered by this court on September 17, 2008, insofar as it dismisses the appeal. The order of the Commission dated October 30, 2007, is hereby affirmed.

*So ordered.*

## APPENDIX

### CC9074993–53

## PUBLIC SERVICE COMMISSION OF THE DISTRICT OF COLUMBIA

### 1333 H STREET, N.W., 2nd FLOOR, WEST TOWER WASHINGTON, D.C. 20005

In the Matter of: Jacqueline M. King Complainant

v.

Potomac Electric Power Co. Respondent

CC No. 9074993

Date: October 30, 2007

Order No. 14613

### *ORDER ON RECONSIDERATION*

### I. *INTRODUCTION*

1. This matter is before me Public Service Commission of the District of Columbia ("Commission") based on a petition for reconsideration filed by the Complainant, Ms. Jacqueline M. King ("King") against Potomac Electric Power Company ("PEP-

CO").[1] The facts of this case have been set forth in detail in prior Orders and we will not repeat them here.

### II. *BACKGROUND*

2. By Order dated June 8, 2007, the Hearing Officer dismissed King's complaint.[2] King appealed that decision to the Commission on June 20, 2007, and the Commission affirmed and adopted the Hearing Officer's decision by Order No. 14373, issued July 16, 2007.[3] Rather than file a petition for reconsideration as required by D.C.Code § 34–604(b), King appealed directly to the D.C. Court of Appeals.[4] The Court subsequently found that King had failed to file a petition for reconsideration as required by law and, on October 2, 2007, dismissed the appeal for lack of jurisdiction.[5] On October 9, 2007, King filed a petition for reconsideration of Order No. 14375 with the Commission.

### III. *DISCUSSION*

3. D.C.Code § 34–604(b) states, in pertinent part:

[a]ny public utility or any other person or corporation affected by any final order or decision of the Commission may, Within 30 days after the publication thereof, file with the Commission an application in writing requesting a reconsideration of the matters involved, and stating specifically the errors claimed as grounds for such reconsideration.[6]

---

case, that the adverse order to petitioner was not unreasonable, arbitrary or capricious. *See* D.C.Code § 34–606.

1. *CC 9074993, In the Matter of Jacqueline M. King v. Potomac Electric Power Company* ("CC 9074993"), Motion for Reconsideration of Order No. 14373 ("Petition for Reconsideration"), filed October 9, 2007.

2. *CC 9074993,* Decision on Remand, rel. June 8, 2007.

3. *CC9074993,* Order No. 14373, rel. July 16, 2007.

4. *CC9074993, King v. Pub. Serv. Comm'n,* 07–AA–913, Petition for Review of Order No. 14373, filed August 20, 2007.

5. *King v. Pub. Serv. Comm'n,* 07–AA–913, Order, October 2, 2007.

6. D.C.Code, 2001 Bd. § 34–604(b).

The language of the statute clearly states that parties affected by a final Commission order must file a petition for reconsideration within 30 days of that order. Timely filing of a petition for reconsideration has been determined to be a jurisdictional prerequisite for appeal.[7]

4. In this case, Order No. 14373 was issued on July 16, 2007. If King wished to seek reconsideration of that Order, she had until August 15, 2007, to do so. She did not file her petition until October 9, 2007, well beyond the statutory time limit.[8] Inasmuch as King did not file the petition for reconsideration within the time limit prescribed by law, the petition is dismissed.[9]

**THEREFORE, IT IS ORDERED THAT:**

5. The petition for reconsideration of Order No. 14373 is **DISMISSED** as untimely.

**A TRUE COPY:**

**CHIEF CLERK:**

**BY DIRECTION OF THE COMMISSION:**

/s/ D Wideman
**DOROTHY WIDEMAN**
**COMMISSION SECRETARY**

---

7. *Leeman v. Pub. Util. Comm'n*, 104 F.Supp. 553 (D.D.C.1952), *rev'd on other grounds*, 213 F.2d 176 (D.D.C.1953), *cert den.* 348 U.S. 816, 75 S.Ct. 25, 99 L.Ed. 643 (1954) . In analogous cases, the Court of Appeals has determined that the timing requirements for filing an appeal contained in Rule 15(a) are jurisdictional, so that appeals are barred if they are untimely filed. *See, Moore Energy Resources, Inc. v. Pub. Serv. Comm'n*, 785 A.2d 300 (2001); *Flores v. District of Columbia Rental Housing Comm'n*, 547 A.2d 1000, 1003 (1988).

8. We note that Complainant, who is represented by counsel, proffered no argument as to why an untimely filed petition is properly subject to review by the Commission.

9. Because the Commission dismisses Complainant's Petition for Reconsideration as filed past the 30–day deadline, there is no need to address the merits of the Petition for Reconsideration.