Troy B. CONNER, Petitioner,

v.

## DISTRICT OF COLUMBIA BUREAU OF MOTOR VEHICLE SERVICES, Respondent.

No. 81–183.

District of Columbia Court of Appeals.

Submitted Jan. 20, 1982.

Decided Jan. 29, 1982.*

Robert M. Rader, Washington, D. C., was on the brief for petitioner.

Judith R. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., were on the brief for respondent.

Before KELLY, MACK and FERREN, Associate Judges.

PER CURIAM:

Petitioner seeks review of an order issued by the Director of the Bureau of Motor Vehicle Services (BMVS) suspending his driver's license for 90 days. We do not reach the merits of petitioner's case, since we conclude that his petition for review by this court was not timely filed.

### I.

On March 13, 1980, petitioner was arrested, charged with leaving the scene of an accident and driving under the influence of alcohol, and served with a notice of proposed suspension of his driver's license. 32 D.C.R.R. 2.305(a)(7) (1972) (now redesignated as 18 D.C.M.R. 302.5 (1981)). Petitioner received a hearing on the proposed suspension before a Hearing Officer, who concluded that petitioner had operated an automobile while under the influence of alcohol, and accordingly entered an order suspending petitioner's driver's license for 90 days. Petitioner appealed this order to the Director of BMVS, and the Director affirmed the Hearing Officer's decision in a Final Order dated November 19, 1980. Petitioner states that his attorney of record (who was not counsel on appeal) was served by mail with a copy of the Director's decision, and that petitioner himself obtained a copy of the decision on January 23, 1981. Petitioner filed his petition for review by this court on February 9, 1981.

### II.

■ D.C.App. R. 15(b) provides in part: "Review of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review within fifteen days from the date of having been given formal notice of the order or decision

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. We granted respondent's motion for publication.

sought to be reviewed ...." Petitioner contends that, since he filed his petition for review within the allowed period after he personally received a copy of the Director's decision,[1] the petition was timely. We disagree. Under BMVS regulations, "[s]ervice upon a party may be made upon ... any attorney of record for the party." 32 D.C. R.R. 9.306(d) (1972) (now redesignated as 18 D.C.M.R. 1013.4 (1981)). More specifically, the regulations require the Director to give a copy of his final order "to each party or to his attorney of record." 32 D.C.R.R. 9.605 (1972) (now redesignated as 18 D.C.M.R. 1043.7 (1981)). The filing period therefore began to run on November 20, 1980, the day after petitioner's attorney was mailed a copy of the Director's decision, and expired on December 8, 1980.[2] The petition for review, filed February 9, 1981, was not timely.

■ Petitioner argues that it would be "inequitable" to dismiss his petition as untimely. The time limits set by the rules of this court, however, are "mandatory and jurisdictional." *See In re C. I. T. and C. M. T.*, D.C.App., 369 A.2d 171, 172 (1977); *cf. Valentine v. Real Estate Commission*, D.C. Mun.App., 163 A.2d 554, 555 (1960) (discussing predecessor rule).

Accordingly, this petition is dismissed for want of jurisdiction.

*So ordered.*

---

1. D.C.App. R. 26(a) provides in part:

    In computing any period of time prescribed or allowed by these rules or order of court, or the time for application to this court for allowance of appeal, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday....

    Thus, the period began to run on January 24, and, since the fifteenth day would have been Saturday, February 7, the period extended through Monday, February 9, 1981.

2. D.C.App. R. 26(c) provides:

    Whenever a party has the right or a duty to act or proceed within a prescribed period after the service of a paper upon him and the paper is served by mail, the party shall have three additional days within which time to respond.

    The 15-day period ran through December 4, 1980. Petitioner then received three additional days in which to act, and, because the third day was Sunday, December 7, the period was extended through Monday, December 8, 1980. *See* D.C.App. R. 26(a); note 1 *supra*.