The GLENWOOD CEMETERY, et al., Petitioners,

v.

DISTRICT OF COLUMBIA ZONING COMMISSION, Respondent.

4–L Associates Joint Venture, Intervenor.

No. 81–1041.

District of Columbia Court of Appeals.

Argued March 25, 1982.

Decided April 29, 1982.

Robert W. Hickey, Arlington, Va., with whom Harry L. Ryan, Jr., Arlington, Va., was on briefs, for petitioners.

Charles L. Reischel, Deputy Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., for respondent.*

Whayne S. Quin, Washington, D. C., with whom Norman M. Glasgow, Jr., Washington, D. C., and David S. Houston, Arlington, Va., were on brief, for intervenor.

Before MACK, PRYOR, and BELSON, Associates Judges.

PER CURIAM:

Petitioners appeal an order by the District of Columbia Zoning Commission approving a proposed development and change of zoning for a parcel of undeveloped land which had formerly been a part of the Glenwood Cemetery not used for burials. We do not reach the merits of petitioners' claims since we conclude that their petition for review by this court was not timely filed.[1]

I

On July 9, 1981, the Zoning Commission issued an order granting a change of zoning to 4–L Associates Joint Venture (intervenor). Petitioners received notice of the order by registered mail on August 7, 1981. The order did not contain an effective date. On August 14, 1981, the Commission's order was published in the D. C. Register. On August 31, 1981, Glenwood Cemetery filed a petition for review of the order.

D.C.App.R. 15(b) provides that a petition for review of an order issued by an administrative agency must be filed "within fifteen days from the date of having been given formal notice of the order or decision sought to be reviewed unless an applicable statute provides a different time for filing said petition." Petitioners contend that the time period for filing a petition for review began on the date that the Commission's order was published in the D. C. Register

---

* Respondent's Motion for Leave to Adopt Brief of Intervenor was granted on February 12, 1982. Respondent took no position on the issue of the timeliness of the petition for review.

1. Although we cannot reach petitioners' contentions on the remaining issues, we have examined them and believe that they are without merit.

and, consequently, their petition for review was timely. Petitioners argue that since the order did not contain an effective date, it was impossible for them to determine from the order the date from which the time period for filing a petition for review could be computed. Section 4.5(e) of the Rules of Practice and Procedure before the District of Columbia Zoning Commission provides that the order becomes "final and effective upon publication in the D. C. Register, unless a later effective date is provided for by the Commission." Petitioners assert that because the order did not become "final and effective" pursuant to the Zoning Commission's rules until it was published in the D. C. Register, the Commission's order did not become an appealable final order until August 14, 1981. We disagree.

D.C.App.R. 15(b) provides that the period for filing a petition for review begins on the date that the party receives "formal notice," not the date on which the order is effective. There is no contention here that the Commission's action was nonfinal in the sense that there was any further consideration to be given the matter by the Commission before finality would attach. The challenged order was a complete disposition of the case. *Trilon Plaza Co. v. Allstate Leasing Corp.*, D.C.App., 399 A.2d 34, 36 (1979); *District of Columbia v. Tschudin*, D.C.App., 390 A.2d 986, 988 (1978); *Whitman v. Noel*, D.C.Mun.App., 53 A.2d 280 (1947); *Jacobsen v. Jacobsen*, 75 U.S.App.D.C. 223, 126 F.2d 13 (1942).

The publication of the order in the D. C. Register was an entirely ministerial act which was to take place at an early but uncertain time after the Commission transmitted the order for publication. The question is whether the date that such publication should happen to occur would commence the running of the time within which a petition for review must be filed or whether the receipt of formal notice of the order would have that effect. This court's rule makes it clear that it is notice to the parties that triggers the time period for filing a petition for review, and we hold that our rule controls.

■ Petitioners received notice of the Zoning Commission's order by registered mail on August 7, 1981. Their petition for review was filed on August 31, 1981. Thus, the petition for review of the Commission's order was untimely. The time limits set by our rules are mandatory and jurisdictional. *See Conner v. District of Columbia Bureau of Motor Vehicle Services*, D.C.App., 442 A.2d 957 at 958 (1982); *In re C.I.T. and C.M.T.*, D.C.App., 369 A.2d 171, 172 (1977); *Valentine v. Real Estate Commission*, D.C. Mun.App., 163 A.2d 554, 556 (1960).

Accordingly, this petition is dismissed for want of jurisdiction.

*So ordered.*