**Antoinette M. JACKSON, Appellant,**

**v.**

**DISTRICT OF COLUMBIA EMPLOY-EES' COMPENSATION APPEALS BOARD, Appellee.**

**No. 85–1458.**

District of Columbia Court of Appeals.

Argued Nov. 7, 1986.

Decided Feb. 18, 1988.

Jeffrey V. Nackley, with whom Edward L. Norwind, Washington, D.C., was on the brief, for appellant.

George C. Valentine, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before MACK, BELSON, and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant's claim for compensation due to work-related injuries was denied by the District of Columbia Employees' Compensation Appeals Board. She sought review in the Superior Court, but her petition for review was dismissed as untimely. We affirm the order of dismissal.

## I

Antoinette Jackson, an employee of the District of Columbia government, allegedly injured her back in a fall while at work. Her claim for disability benefits[1] was denied by the Division of Disability Compensation, and the Employees' Compensation Appeals Board ("the Board") affirmed that denial. The Board's order was dated September 26, 1983, and was served on Jackson's counsel on September 30. Under Rule 2419.5 of the Board's rules, the order did not become "final" until October 26, thirty days from its date of issuance.[2] Jackson filed a petition for review in the Superior Court[3] on November 1. The Board moved to dismiss the petition on the ground that, notwithstanding the Board's rule, the petition was not timely under the court's own rules.[4] The court agreed and dismissed the case without reaching the merits of Jackson's claim.

## II

■ Jackson argues that the thirty-day period in which to file her petition for review did not start until the Board's order became "final" under Rule 2419.5. Under this theory, since the order became final on October 26, she had until November 25 to file her petition; hence her filing on November 1 was timely.

Jackson's reliance on Rule 2419.5 is misplaced. The purpose of the thirty-day delay in "finality" provided by that rule is apparently to enable a party to file a petition for reconsideration.[5] What matters here, however, is not when the order became "final" under the Board's rules, but when it became reviewable. The Board's Rule 2419.4 settles the issue of reviewability:

The order of the Board shall be the *final administrative decision* for the District of Columbia, and *shall be subject to review by the Superior Court of the District of Columbia,* pursuant to [D.C. Code § 1–624.28(b) (1981)].

30 D.C.Reg. 3712 (emphasis added). Thus the September 26 order, being the Board's final determination, became reviewable the instant it was issued. Both Rule 2419.4 and the statute to which it refers give a losing party the right to obtain review in the Superior Court. But the Board rules do not specify the time within which such review may be sought; for that we must look to the Superior Court's "Agency Review" rule. Under that rule, Jackson had only thirty days after receiving "formal notice" of the order within which to file her

---

1. District of Columbia government employees are not covered by other workers' compensation laws. *See* D.C.Code § 36–301(9)(B) (1981). Instead, a comparable system for providing disability benefits has been established under the District of Columbia Government Comprehensive Merit Personnel Act, D.C.Law 2–139, 25 D.C.Reg. 5740 (1978). *See* D.C.Code §§ 1–624.1 through 1–624.46 (1987).

2. Rule 2419.5 provides:
   The order of the Board shall be ... final thirty (30) days from the date of issuance unless the Board specifies a lesser period of time in its order or grants a petition for reconsideration.
   30 D.C.Reg. 3712 (1983).

3. D.C.Code § 1–624.28(b) (1987) authorizes review by the Superior Court of any action by the Board, as the Mayor's designee, granting or denying a claim for disability benefits by a District of Columbia government employee. The court may affirm, modify, or reverse the Board's decision, or remand the matter to the Board, although it must be affirmed if it is "supported by

substantial competent evidence on the record." The Superior Court's decision, in turn, is subject to review by this court in the usual manner under D.C.Code § 11–721(a)(1) (1981).

4. Superior Court review of administrative decisions under the Comprehensive Merit Personnel Act, *supra* note 1, is governed by part XV of the Superior Court Civil Rules, entitled "Agency Review." Part XV consists of a single rule, "Rule 1," which states in pertinent part:
   (a) **Time and manner of filing application.** An appeal to the Superior Court of the District of Columbia permitted by the Act, shall be obtained by filing a petition for review with the Clerk of the Civil Division, *within 30 days after formal notice of the order or decision sought to be reviewed,* unless a different time is prescribed by statute. [Emphasis added.]

5. Under the Board's Rule 2420.1, 30 D.C.Reg. 3713 (1983), a petition for reconsideration must be filed within fifteen days from the date of issuance of the Board's order or before its effective date, whichever occurs first.

petition for review.[6] The thirtieth day, October 30, was a Sunday, and thus the time was automatically extended to Monday, October 31, under Super.Ct.Civ.R. 6(a). Jackson's petition was filed on Tuesday, November 1, one day late. Since "[t]he time limit for filing a petition for review of agency actions is mandatory and jurisdictional," *Totz v. District of Columbia Rental Housing Commission*, 474 A.2d 827, 829 (D.C.1984) (citations omitted), the trial court had no choice but to dismiss Jackson's petition.

We dealt with a comparable situation in *Glenwood Cemetery v. District of Columbia Zoning Commission*, 448 A.2d 241 (D.C.1982). In *Glenwood* the Zoning Commission issued an order on July 9. The petitioners received notice of the order by registered mail on August 7; the order itself, however, was not published in the District of Columbia Register until August 14. The Commission's rules stated that an order was not "final and effective" until it was published in the District of Columbia Register. Nevertheless, we held that an unpublished order—thus "non-final" under the Commission's rules—was final for the purpose of appellate review because it represented "a complete disposition of the case." *Id.* at 242 (citations omitted). At that time our Rule 15(b) provided that a party seeking review of an order issued by an administrative agency must file a petition for review "within fifteen days from the date of having been given formal notice of the order or decision sought to be reviewed...."[7] We held that the fifteen days started to run not from the date of publication in the Register (August 14), when the order became "final and effective" under agency rules, but from the date on which the petitioners received notice

(August 7). Since the petition had been filed more than fifteen days after August 7, we dismissed it for lack of jurisdiction.

*Glenwood Cemetery* is dispositive here. The Board's order denying Jackson's claim for benefits, like the Zoning Commission's order in *Glenwood*, was a complete disposition of the case. The Superior Court Agency Review rule, like our own rule in *Glenwood*, "makes it clear that it is notice to the parties that triggers the time period for filing a petition for review...." *Id.* at 242. Thus we hold here, as we did in *Glenwood*, that the court's rule controls, not the agency's.

### III

■ Jackson also argues that the Board should be estopped from asserting that the petition for review was not timely filed. She maintains that the Board has issued a confusing and ambiguous regulation—Rule 2419.5—which states that an order of the Board is not final until thirty days after its date of issuance. We find no basis for a claim of estoppel.

The traditional elements of estoppel are "false representation, a purpose to invite action by the party to whom the representation was made, ignorance of the true facts by that party, and reliance...." *Hoeber v. District of Columbia Redevelopment Land Agency*, 483 F.Supp. 1356, 1365 (D.D.C.1980), *aff'd*, 217 U.S.App.D.C. 360, 672 F.2d 894 (1981). Although District of Columbia agencies are subject to estoppel, *Nash v. Washington*, 360 A.2d 510, 513 n. 6 (D.C.1976), the doctrine may be applied to the District of Columbia only "in certain limited situations when the equities are strongly in favor of the party invoking the doctrine...." *District of Columbia v.*

---

**6.** In the trial court, the Board argued that the thirty days began to run from the date on which the order was issued. The Board has wisely abandoned that argument on appeal, maintaining instead that the time began to run from the date of "formal notice," as the Superior Court rule provides.

There appears to be no dispute about the date of formal notice in this case. In a memorandum filed in the trial court, the Board stated that "Plaintiff admittedly received actual notice of the Board's decision on September 30, 1983."

That statement has not been challenged, either in the trial court or in this court.

**7.** Our rules have since been amended, but this provision has not been materially changed except with respect to the number of days within which a petition for review may be filed. D.C. App.R. 15(a) now states that a petition is to be filed "within thirty days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed...."

*Stewart,* 278 A.2d 117, 119 (D.C.1971) (footnote omitted). "[A]pplication of the doctrine to a governmental unit depends on the scope of the agency's authority and on a balancing of the public and private interests involved." *Nash v. Washington, supra,* 360 A.2d at 513 n. 6 (citing cases). In this case appellant Jackson must show, "in addition to the traditional factors," that she has suffered an injustice and that a judgment in her favor will not result in "undue damage to the public interest." *Hoeber, supra,* 483 F.Supp. at 1366.

Appellant's claim of estoppel is unfounded. First, as we have observed, Rule 2419.4 establishes that an order by the Board is justiciable and reviewable as soon as it is issued. There is no ambiguity in the Board's rules on this point. Consequently, Jackson cannot show reasonable reliance, a prerequisite to a successful claim of estoppel. *Founding Church of Scientology v. Director, Federal Bureau of Investigation,* 459 F.Supp. 748, 758 (D.D.C.1978); *see also Georgetown Entertainment Corp. v. District of Columbia,* 496 A.2d 587, 592 (D.C.1985). Second, and more significantly, Jackson has not shown that the Board made any false representation to her or that it engaged in any other type of misconduct. "Estoppel generally requires that government agents engage ... in conduct that can be characterized as misrepresentation or concealment, or, at least, behave in ways that have [caused] or will cause an egregiously unfair result." *General Accounting Office v. General Accounting Office Personnel Appeals Board,* 225 U.S.App.D.C. 350, 360, 698 F.2d 516, 526 (1983) (footnote omitted). No such conduct by the Board has been established here.

Finally, we note that Jackson's estoppel argument, even if it had some merit, would be unavailing. Even if the jurisdictional issue had not been raised by the Board, the court would have been obliged *sua sponte* to note its own lack of jurisdiction. Estoppel or no estoppel, Jackson cannot prevail.

*Affirmed.*