Regino FLORES, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,

and

Sandra Powell, Intervenor.

No. 86–78.

District of Columbia Court of Appeals.

Argued Dec. 17, 1987.
Decided Sept. 29, 1988.

---

Frazer Walton, Jr., Washington, D.C., for petitioner.

Donna M. Murasky, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Richard A. Hannibal, Washington, D.C., was on the brief, for intervenor.

Before MACK, FERREN and ROGERS, Associate Judges.

ROGERS, Associate Judge:

■ Regino Flores appeals from the decision of the District of Columbia Rental Housing Commission (RHC) upholding an award of damages to his former tenant, intervenor Sandra Powell, for rent charged in excess of the legal rent ceiling for her apartment on the ground that he is within the small landlord exemption of the Rental Housing Act of 1980. The complex procedural history of this case presents the issue whether the agency's rule automatically denying a motion for reconsideration upon the expiration of a set time starts the run-

ning of the time to appeal under D.C.App. R. 15(a). We agree with the RHC and Ms. Powell that this court is without jurisdiction to hear the appeal because Flores' petition for review was untimely filed. The time to file an appeal commenced to run under Rule 15(a) when, under RHC regulations, Flores' motion for reconsideration by the RHC was automatically denied upon the expiration of fifteen days. Since his petition for review was not filed until thirty-nine days later, even granting to him an additional five days because the denial occurred out of his presence, his petition is untimely and, accordingly, the appeal must be dismissed.

### I.

Ms. Powell filed a tenant petition with the Rental Accommodations and Conversion Division (RACD) on November 14, 1983.[1] Among her complaints was that she was being charged monthly rent of $275.00 for an apartment with a rent ceiling of $150.00. After a hearing, the hearing examiner dismissed her petition on the ground that the four-unit building at 400 Melon Street, S.E., in which Ms. Powell's apartment was located, was exempt from the rent control act because Flores had filed a claim of exemption as a small landlord.

Ms. Powell filed a *pro se* appeal, stating that she had discovered that Flores owned additional rental units. On advice of counsel, she subsequently moved to amend her notice of appeal to a motion for reconsideration. The RHC granted the motion for reconsideration, and by order dated October 24, 1984, vacated the hearing examiner's decision and remanded the case for a hearing on whether Flores was within the small landlord exemption of the Act.

On December 17, 1984, a second hearing examiner found that Flores owned two housing accommodations containing ten rental units and that he had failed to register them as required by D.C.Code

---

1. The law governing the instant case is the Rental Housing Act of 1980. D.C.Law 3–131, 28 D.C.Reg. 326 (Jan. 23, 1981), *codified as amended,* D.C.Code §§ 45–1501 *et seq.* (1981) (the Act).

This legislation became effective on May 1, 1981, and expired on April 30, 1985. D.C.Law 3–131, §§ 906, 907, D.C.Code §§ 45–1596, –1597 (1981).

§ 45–1516(d) (1981). The examiner therefore ruled that Ms. Powell was entitled to recover the difference between the rent she had paid and the "base rent"[2] for her apartment plus interest.

Flores appealed from the second hearing examiner's decision, and after a hearing, the RHC, by order dated July 11, 1985, affirmed the examiner's decision on an alternative ground. It ruled that Flores should have removed his property from the rental housing market pursuant to D.C. Code § 45–1561(d) (1981), which permits a landlord to recover possession of a rental unit for his own immediate and personal use as a dwelling.[3] Because Flores had not done so, the RHC held that he remained subject to the Act.

On September 30, 1985, Flores' attorney sent a letter to the RHC requesting it to reissue its July 11 order so that he might file a timely appeal. The request was based on the grounds that the order had contained neither notice of Flores' right to appeal the RHC's decision nor information concerning the time limits on the filing of a notice of appeal. Flores asserted that he had been unaware of his right to appeal until he sought the advice of his present attorney. His counsel also requested a copy of the decision within ten days and that the RHC advise him of the appropriate judicial forum in which to seek review.

Having received no response to his letter, Flores filed a motion on October 24, 1985, for reconsideration of the July 11, 1985, decision or for "issuance of a new commission final agency decision date," essentially repeating the arguments made in his letter. The RHC rejected the arguments relating to lack of notice of the opportunity for

judicial review as meritless, since the right to judicial review of the RHC's decision was established by statute, see D.C.Code § 45–1530 (1981), but nonetheless granted the motion because the July 11 order had been sent directly to Flores, rather than to his attorney of record, in violation of RHC regulations. See 14 DCMR §§ 3115.1, 3115.2, 3115.4 (1985). Accordingly, the RHC reissued its July 11, 1985, decision by an order dated and mailed on November 4, 1985. The new order stated that the time to seek reconsideration or to petition for review was to run from November 4, 1985.

On November 13, 1985, Ms. Powell filed a motion for reconsideration of the RHC's decision to reissue its July 11 decision. Two days later, Flores moved for reconsideration of the merits of the July 11 decision. These two motions tolled the time for filing a petition for review with this court. See D.C.App.R. 15(b). The RHC denied Ms. Powell's motion by order dated November 18, 1985, and mailed the following day. The RHC never expressly acted on Flores' motion, however, and therefore pursuant to its rules, the motion was deemed automatically denied on December 9, 1985, that date being fifteen business days after it was filed. See 14 DCMR §§ 3313.1, 3320.6 (1985).[4] The record does not indicate that written notice of the denial was sent to Flores or his attorney, but on January 9, 1986, the RHC issued a Notice of Hearing on Appeal from the second hearing examiner's decision of December 17, 1984, advising that a hearing would be held on February 3, 1986. Flores states in his brief that upon receipt of the notice his attorney immediately contacted the RHC, was informed that the notice had been erro-

2. D.C.Code § 45–1503(2) (1981) ("base rent").

3. D.C.Code § 45–1561(d) provides in pertinent part:

   A natural person with a freehold interest in the rental unit may recover possession of a rental unit where he or she seeks in good faith to recover possession of such rental unit for his or her immediate and personal use and occupancy as a dwelling.

4. 14 DCMR § 3313.1 (1985) provides:

   In computing any period of time prescribed or allowed by these rules, only business days shall be counted. Saturdays, Sundays, and

legal holidays are excluded, as is the day in which the designated period of time begins to run.

14 DCMR § 3320.6 provides:

   Failure of the Commission to act within the fifteen (15) day time period set forth in § 3320.5 shall constitute a denial of the motion for reconsideration.

The RHS twice repromulgated these regulations on an emergency basis in 1985. See 32 D.C.Reg. 4,750 (Aug. 16, 1985); 32 D.C.Reg. 6,756 (Nov. 22, 1985).

neously issued and that he could seek judicial review. He also states that he filed his petition for review in this court seven days later, on January 17, 1986. The RHC filed a motion to dismiss the petition as untimely, and on March 25, 1987, a motions division of this court referred the motion to the merits division, directing the parties to consider the effect of *Askin v. District of Columbia Rental Hous. Comm'n,* 521 A.2d 669 (D.C.1987).

## II.

At all times relevant to this case, D.C. App.R. 15(a) has required that a party seeking judicial review of an agency decision must file a petition for review within thirty days after notice is given of the agency's decision or order.[5] If the decision is made out of the presence of the parties, the rule grants an additional five days from the date of mailing of the decision or order. The rule also provides that the time for filing a petition for review is tolled by filing a motion for rehearing or reconsideration with the agency. D.C.App.R. 15(b). The time for filing a petition begins when the agency gives notice of the denial of the motion for rehearing or reconsideration. *Id.* This court has held that the time limits of Rule 15 are mandatory and jurisdictional, and that "[o]nce the time prescribed by the rule has passed, we are without power to hear the case." *Totz v. District of Columbia Rental Hous. Comm'n,* 474 A.2d 827, 829 (D.C.1984); *see also Glenwood*

*Cemetery v. District of Columbia Zoning Comm'n,* 448 A.2d 241, 242 (D.C.1982); *Conner v. District of Columbia Bureau of Motor Vehicle Servs.,* 442 A.2d 957, 958 (D.C.1982).

RHC's regulations require the Commission either to grant or deny motions for reconsideration within fifteen days of their receipt. 14 DCMR § 3320.5 (1985). If the RHC fails to act within the prescribed time limit, the motion is deemed automatically denied. *Id.* § 3320.6, note 4, *supra.* Since Flores' motion was received by the RHC on November 15, 1985, it was automatically denied on December 9, 1985, fifteen business days after its receipt. *See id.* § 3313.1, note 4, *supra.* Even according an additional five days for mailing under D.C.App.R. 15(a),[6] Flores was required to file his petition for review with this court by January 13, 1986, at the latest. However, this court did not receive his petition until January 17, 1986, and hence it was untimely.

Attempting to avoid the consequences of untimeliness, Flores maintains that his petition should not be dismissed for two reasons. First, he argues that his petition for reconsideration is still pending before the RHC because the agency has taken no formal action regarding it. Second, he contends that the erroneous notice of January 9, 1986, created considerable confusion and ambiguity concerning the status of his motion for reconsideration, and therefore under *Askin, supra,* 521 A.2d 669, the court

---

**5.** D.C.App.R. 15(a) provides in pertinent part: *Petition for review of order; joint petition.* Review of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed (unless an applicable statute provides a different time for filing said petition) and by tendering the prescribed docketing fee to the clerk. In the event the time prescribed by statute is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation unless the statute expressly provides otherwise. If the order or decision is made out of the presence of the parties and notice thereof is by mail, the petitioner shall have five additional days from the date of mailing ... Filing may be

accomplished by mail addressed to the clerk, but filing shall not be deemed timely unless the petition is received within the prescribed time period, accompanied by the appropriate fee....

**6.** In *Askin, supra,* the court noted, without deciding the issue, that in cases where the RHC automatically denied a motion, it might be appropriate to add a mailing period to the normal time limits of our rules. "The reasoning would be, perhaps, that it is only after that three-day period in which no notice granting reconsideration is received that a party may be confident that there has been a 'failure of the Commission to act' upon the motion, which shall thus 'constitute' its denial." *Askin, supra,* 521 A.2d at 675 n. 15. In its brief, the RHC also views as appropriate the addition of the mailing period.

is required to resolve the ambiguity in his favor.

In *Glenwood Cemetery v. District of Columbia Zoning Comm'n, supra,* the court held that under a prior version of D.C.App.R. 15, which provided in subsection (b) that the period for filing a petition for review begins on the date that the party receives "formal notice," the time to appeal commences to run on the date formal notice is received by the parties, and not on the date the order is effective as a result of publication in the *District of Columbia Register.* 448 A.2d at 242; *see also Johnson v. District of Columbia Dep't of Employment Servs.,* 473 A.2d 398 (D.C.1984). *Askin* applied *Glenwood Cemetery's* holding to the RHC rule at issue here, holding that where the agency had issued a formal notice after the petition had been denied automatically by expiration of time under the agency's rules and before the period to appeal the automatic denial had expired, it was the formal notice that controlled when time commences to run under Rule 15(b). *Askin, supra,* 521 A.2d at 675. In that case the formal notice in no way implied that it was merely a confirmation of a previous automatic denial. *Id.* at 674. The court noted that it would resolve ambiguity between two orders in favor of the party seeking review. *Id.* at 675. The version of our Rule 15(a) that applies in the instant case reads somewhat differently from our prior rule in that it does not require "formal notice" and provides only that the notice must be "notice in conformance with the rules or regulations of the agency." This court has not yet had occasion to address whether an agency rule automatically denying motions for reconsideration by inaction starts the running of time to appeal under our Rule 15(a).

The RHC's regulations concerning automatic denial of motions for reconsideration make explicit that no formal action is required and that the RHC's failure to act upon such a motion within fifteen days shall have the effect of a denial. Under its regulations, the RHC is required to act upon a motion for reconsideration within fifteen days of receipt of the motion. 14 DCMR § 3320.5 (1985). Should the RHC fail to take action, its rules provide that the motion is to be deemed denied. *Id.* § 3320.6, note 4, *supra.* Accordingly, even granting Flores the benefit of the five additional days for mailing, it should have been clear to Flores' counsel by December 14, 1985, that the RHC had denied his motion for reconsideration and that, therefore, the time for filing a petition for review in this court had started to run.[7]

Nor can Flores benefit from the two-order ambiguity rule of *Askin.* He argues that he should not be required to comply with the time limits of D.C.App.R. 15(a) because the erroneously issued notice of

---

7. In his reply brief, Flores contends that the RHC's regulations concerning automatic denial of motions for reconsideration should be held inapplicable to his case and declared unconstitutional. In Flores' view, 14 DCMR § 3320.6 conflicts with D.C.App.R. 15(a) because it permits denial of a motion without "formal notice." Thus, he contends the RHC's regulation is "superseded" by this court's rule. This argument is meritless. Flores misquotes our rule; D.C.App. R. 15(a) states only that the time for filing a petition for review begins to run upon receipt of notice, not "formal notice." In addition, the rule specifically states that the time limit for filing a petition for review begins to run after "notice is given[ ] in conformance with the rules or regulations of the agency...." Rule 15 therefore requires only compliance with the agency's procedures regarding notice, and it does not attempt to impose any requirements as to the type of notice an agency is required to give.

Flores' argument that § 3320.6 is unconstitutional, because it was promulgated without due process and procedural safeguards, is likewise meritless. The RHC was authorized by statute to issue implementing regulations. D.C.Code § 45–1513(a)(1) (1981). It is subject to the notice and comment procedures of D.C.Code §§ 1–1502(3) & (4), 1506(a) (1981), which include publication of proposed rules in the *District of Columbia Register. See* D.C.Code § 1–1532(b)(1) (1981). The challenged regulation was duly published, *see* 30 D.C.Reg. 911, 940 (Feb. 25, 1983), and was adopted at a meeting of the RHC on October 11, 1983, taking effect upon publication in final form in the *District of Columbia Register. See* 30 D.C.Reg. 6179 (Dec. 2, 1983). Such notice and opportunity to comment are sufficient to satisfy the demands of due process. *See Williams v. Barry,* 228 U.S.App.D.C. 220, 222–23, 708 F.2d 789, 791–92 (1983).

January 9, 1986, led him to believe that his motion for reconsideration was still pending before the RHC. However, the RHC clearly was required by its regulations to act upon Flores' motion for reconsideration within fifteen business days of its receipt. When the agency took no express action within the prescribed time period, the motion was automatically denied.[8] After the expiration of the fifteen days, and an additional five days for mailing, the time for filing a petition with this court began to run. Even if the RHC had intended to reconsider its prior order, it is without authority to extend the time limit for seeking review of its decisions in this court. *Cf. Smith v. District of Columbia Rental Accommodations Comm'n*, 411 A.2d 612, 614 (D.C.1980) (intra-agency appeal). In addition, Flores' case is not analogous to *Askin* since here the RHC never issued a formal order denying reconsideration; hence the date of the automatic denial controls our jurisdiction. Under the court's rules, Flores was required to file his petition for review no later than January 13, 1986. He did not do so, and his petition is therefore untimely.[9]

█ Flores was represented by counsel throughout the administrative proceedings. He missed one opportunity to file a timely appeal and sought another. The RHC, acknowledging that it had failed to comply with its regulations, granted Flores' request. This occurred notwithstanding Ms. Powell's contentions that Flores' request for a stay of the November 4 order was untimely, that the RHC did not properly stay its July 11 decision, and that the RHC had already issued an order of compliance and fined Flores on August 27, 1985, for failure to comply with the RACD's December, 1984, decision. At no time has Flores contended either that he did not receive notice of the RHC's July 11 decision or that his counsel was unaware of that decision, of D.C.App.R. 15(a), or of the agency's automatic denial rules for motions for reconsideration. Moreover, given the authority of the RHC to promulgate rules, counsel cannot avoid the effect of those rules as a result of ignorance or lack of diligence. *See White v. District of Columbia Bd. of Elections and Ethics*, 537 A.2d 1133, 1135–36 (D.C.1988) (per curiam) (counsel charged with knowledge of agency rule concerning timing of election certification). *Cf. Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 518 (D.C.1985) (duty of counsel to be aware of court's rules). Instead, Flores' counsel has simply been tardy in following through on his second opportunity to appeal the RHC's decision.

Accordingly, the petition for review is dismissed.

MACK, Associate Judge, dissenting:

Rule 15 of this court provides that "[r]eview of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice *is given*, in conformance with the rules or regulations of the agency...." D.C.App.R. 15(a) (emphasis added). The regulations of the Rental Housing Commission provide that a motion for reconsideration is automatically denied if not acted upon within fifteen (15) days. 14 DCMR § 3320.5 (1985). Today the majority holds that notice is *given* upon

---

**8.** At oral argument, the court *sua sponte* raised the issue of whether the notice provisions of D.C.Code § 45–2526(j) (1986 repl. vol.) were applicable and requested supplemental briefs from the parties. Having reviewed those briefs, the court concludes that the cited provision is inapplicable. The RHC's decision from which Flores seeks to appeal was not made under § 45–2526, for it was concerned solely with Flores' eligibility for the small landlord exemption.

**9.** The dissent relies on decisions that were decided under the *former* version of Rule 15, which required "formal notice," and, hence, are not of assistance here. *See Askin, supra,* 521 A.2d at 673 n. 9; *Glenwood Cemetery, supra,* 448 A.2d at 241. *Jackson v. District of Columbia Employee Compensation Appeals Bd.,* 537 A.2d 576 (D.C.1988), also involves a Superior Court rule that, unlike our Rule 15(a), requires "formal notice." *Compare* D.C.App.R. 15(a), quoted *supra* note 5, *with* Super.Ct.Agency R. 1(a). Nor are the rules at issue misleading, as was contended in *Jackson.* The complex procedural history of the instant case arises not from any ambiguity relating to the RHC rules but from the failure of Flores' counsel to follow the rules.

the "expiration" of a fifteen (15) day period.

In my view, this holding represents an overly restrictive application of our own rule, and a simplistic embrace of agency language, language that is ambiguous at best. At the same time, the holding ignores the plain language of our rule and is totally out of character with the rationale of our prior decisions favoring "formal notice," (*see Jackson v. Employees' Compensation Appeals Board*, 537 A.2d 576 (D.C. 1988); *Askin v. District of Columbia Rental Housing Commission*, 521 A.2d 669 (D.C.1987); *Glenwood Cemetery v. District of Columbia Zoning Commission*, 448 A.2d 241 (D.C.1982)),[1] as well as the precept that it is important that ambiguity be removed from the notice context. *Askin, supra*, 521 A.2d at 675.

Without belaboring the point, "notice" is "notice"; in the legal sense, it may be "actual," "constructive," or "implied." I do not think we would argue, nor would it be desirable for us, jurisdictionally speaking, to suggest that the notice required by our rule is other than actual. Moreover, even if we could accept as a fact that the regulation in question puts a party on notice and that this is the notice contemplated by our rule (which it is not), the "complex procedural history" of which the majority speaks (or more aptly the confusion and ambiguity in this record) would, and does, present a poor vehicle for refusing jurisdiction.

There is nothing wrong with automatic denial of motions as an administrative procedure. However, where appeal before this court is at issue, our rules should be, indeed must be, read so as to eliminate ambiguity—not only for our purposes of administrative ease in fixing finality, but also to avoid denying to a party adversely affected by an agency decision, his day in court. Before our jurisdictional clock begins to run, notice should be *given*. *Jackson, supra.*

I respectfully dissent.

---

**1.** The majority holding would appear to pose a direct conflict with our holding in *Jackson*. There is no indication, whatsoever, in rulemaking history that the omission of the word "formal" in the 1985 language was anything but stylistic. To hold, as does the majority, that our decision earlier this year *(Jackson, supra)* and our decision last year *(Askin, supra)* are irrelevant, is to say that we intended to make a substantive change in the rule.