**Linda STONE, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,**

and

**Safeway, Inc., Intervenor.**

No. 96–AA–1706.

District of Columbia Court of Appeals.

Argued Nov. 6, 1997.

Decided Feb. 26, 1998.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Charles F.C. Ruff, Corporation Counsel at the time of briefing, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

David B. Stratton, with whom Clifton M. Mount, Washington, DC, was on the brief, for intervenor.

Before WAGNER, Chief Judge, and TERRY and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Linda Stone has asked this court to review the denial by the District of Columbia Department of Employment Services ("DOES" or "the agency") of her claim for worker's compensation benefits. We dismiss her petition as untimely.

**I.**

Ms. Stone claims that on February 14, 1995, while she was employed by intervenor Safeway Stores, Inc. as a "cashier/teller," she suffered a work-related injury, and that she

---

is entitled to temporary total disability benefits pursuant to the District of Columbia Workers' Compensation Act (WCA), D.C.Code §§ 36–301 *et seq.* (1997). On August 7, 1996, a DOES hearing and appeals examiner issued a Compensation Order denying Ms. Stone's claim on the merits. On August 13, 1996, Ms. Stone filed an application for review with the Office of the Director of DOES.

The WCA provides in pertinent part that where an applicant has sought review by the Director, the Director's final decision

> shall be rendered within 45 days from the date of the application.... If a final decision is not rendered within such 45–day period the compensation order shall be considered a final decision for purposes of appeal [to the District of Columbia Court of Appeals].

D.C.Code § 36–322(b)(2). The Director took no action on Ms. Stone's petition within the forty-five-day period, and the Compensation Order became final, by operation of law, for purposes of appeal.

On November 18, 1996, Ms. Stone filed a petition in this court seeking review of the August 7, 1996 Compensation Order. Safeway contends that this court lacks jurisdiction because Ms. Stone's petition was untimely. We agree.

## II.

Our rules provide, with exceptions not here pertinent, that a petition for review of an agency order or decision shall be filed "within thirty days after notice is given, in conformance with the rules or regulations of the agency ... sought to be reviewed...." D.C.App. R. 15(a). The parties agree that the petition was not filed within thirty days of the expiration of the forty-five-day statutory period for review by the Director of the Compensation Order issued by the examiner. Accordingly, if the agency is deemed to have given Ms. Stone notice, as required by Rule 15(a), of the order sought to be reviewed, then her petition was untimely.

The record reveals that Ms. Stone received notice of the Compensation Order, but it does not appear that the agency provided her with any separate notification of the expiration of the forty-five-day period specified in § 36–322(b)(2). We must therefore decide whether the provisions of that statute, which automatically convert the examiner's decision into the Director's decision after forty-five days, constitute sufficient notice of the Director's disposition to begin the running of the thirty-day period specified in D.C.App. R. 15(a).

A similar issue arose in *Flores v. District of Columbia Rental Hous. Comm'n,* 547 A.2d 1000 (D.C.1988), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2103, 104 L.Ed.2d 664 (1989). In that case, a landlord had filed a motion for reconsideration of an adverse decision of the Rental Housing Commission. Under the Commission's rules, the motion for reconsideration automatically stayed the running of the thirty-day period for seeking review in this court. An agency regulation, however, required the agency to grant or deny the motion for reconsideration within fifteen days. The regulation provided that failure by the Commission to act within fifteen days "shall constitute a denial of the motion for reconsideration." *Id.* at 1002 n. 4.

The Commission took no action on the landlord's motion within the fifteen-day period during which the Commission was authorized to grant such a motion. The Commission did not notify the landlord, however, that the motion had been denied. Subsequently, more than thirty days after the fifteen-day period for reconsideration had expired, the landlord filed a petition for review in this court. The tenant moved the court to dismiss the landlord's petition, claiming that the landlord had not acted within the thirty-day period allowed by Rule 15(a).

A majority of the court held that the petition for review was untimely. The court noted that the time limits of Rule 15 are mandatory and jurisdictional, and that "once the time prescribed by the rule has passed, we are without power to hear the case." *Flores, supra,* 547 A.2d at 1003 (citations omitted). According to the court, fifteen days (plus five days for mailing) had elapsed without any action by the Commission on Flores' motion for reconsideration, and therefore "it should have been clear to

Flores' counsel ... that the [Commission] had denied his motion for reconsideration and that, therefore, the time for filing a petition for review in this court had started to run." *Id.* at 1004. The court thus implicitly interpreted the phrase "notice ... is given" in D.C.App. R. 15(a) to include constructive notice, and held that such constructive notice had been automatically provided to the landlord by the expiration of the fifteen-day period specified in the regulation.

The landlord claimed that dismissal of his appeal as untimely, when he had received no notification that his motion for reconsideration had been denied, deprived him of rights protected by the Due Process Clause. The court, however, summarily rejected this contention. *Flores, supra,* 547 A.2d at 1004 n. 7. The court noted that Flores' attorney was aware of the Commission's decision, of the agency's "automatic denial rules for motions for reconsideration," and of D.C.App. R. 15(a), and that no more notice was required. *Id.* at 1005. The majority was unpersuaded by Judge Mack's argument, in dissent, that Rule 15(a) should be read, if possible, to avoid denying a party adversely affected by an agency decision his day in court, and that affirmative notice should therefore be required "[b]efore our jurisdictional clock begins to run." *Id.* at 1006 (Mack, J., dissenting) (citation omitted).

Like the petitioner in *Flores,* Ms. Stone has been represented by counsel throughout the proceedings, both before DOES and in this court.[1] Her attorney has suggested no

basis for distinguishing this case from *Flores,* and we know of none. Accordingly, we dismiss Ms. Stone's petition for review as untimely filed.

*So ordered.*[2]

---

1. In *Flores,* the court emphasized that the landlord was represented by counsel, but the opinion does not disclose whether the court would have dismissed the petition for review even if the landlord had been without means to retain an attorney and had therefore appeared *pro se.* Compare *Abell v. Wang,* 697 A.2d 796, 804 (D.C. 1997) ("although a plaintiff has the right to proceed *pro se,* such a litigant can expect no special treatment from the court") with *Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1299 (D.C.1990) (procedural technicalities are "particularly inappropriate" where lay litigants play an important role in the enforcement of a remedial statute). In the interest of justice, the agency may wish to supplement, in conformity with the principles set forth in this opinion, the notice that it provides to parties of those parties' appellate rights.

2. Counsel have represented that it is the practice of the Director in some cases to continue to consider a petition for review of a Compensation Order even after the expiration of the statutory forty-five day period. Nothing in this opinion is intended to affect the right of any party to seek judicial review of an order of the Director issued after such expiration.

We have considered Ms. Stone's remaining contentions, but we do not find them persuasive. In particular, we do not agree with Ms. Stone's assertion that the Director's continued failure to act on Ms. Stone's petition after the initial forty-five-day period had expired constituted a second effective denial of that petition, or that the Director's continued inaction caused Rule 15(a)'s thirty-day clock to start running for a second time.