**La Vita HARRIS, Next Friend (and mother) for Mark Harris, Plaintiff,**

v.

**Mayor Anthony WILLIAMS et al., Defendants.**

**Civil Action No. 03–0005.**

United States District Court, District of Columbia.

Aug. 4, 2003.

ing a soldier from behind enemy lines." *See* http://www.law.com/jsp/article.jsp?id=1048518246806.

Steven James Boretos, Law Office of Steven Boretos, Silver Spring, MD, for Plaintiff.

Maria L. Merkowitz, Assistant Corporation Counsel, Washington, DC, for Defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

#### DENYING THE DEFENDANTS' MOTION TO DISMISS.

### I. INTRODUCTION

This Individuals with Educational Disabilities Act ("IDEA") matter is before the court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff, La Vita Harris, brings this action on behalf of her minor son Mark, who attends special-education classes provided by the District of Columbia Public Schools ("DCPS"). The defendants are District of Columbia Mayor Anthony A. Williams, School Superintendent Paul L. Vance, Assistant Superintendent for the Division of Special Education Anne Gay, and Chief of Special Education Reform Ray Bryant (collectively, "the defendants"). The plaintiff appeals a determination by a DCPS hearing officer regarding certain evaluations that the defendants allegedly failed to conduct or, alternatively, to disclose to the plaintiff. In response, the defendants filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the applicable statute of limitations bars the complaint. Because the plaintiff filed her complaint within 30 days of receiving notice of the hearing officer's determination, the court denies the defendants' motion to dismiss.

### II. BACKGROUND

With some difficulty, the court gleans from the complaint and its accompanying exhibits the following factual background. The plaintiff is the mother of Mark Harris, a 16–year–old boy with learning disabilities. Compl. ¶ 8, Ex. A. In June 2001,

pursuant to IDEA, 20 U.S.C. § 1400 *et seq.*, the plaintiff attended an Individualized Educational Program (IEP) meeting with DCPS personnel regarding Mark's special education at Shaw Junior High School. *Id.* Ex. C. Nine months later, in March 2002, the plaintiff retained counsel "to improve the level of special education services" that DCPS was providing her son. *Id.* ¶ 8, Ex. G. The plaintiff's counsel immediately wrote to the school to request Mark's records. *Id.* Exs. C, E. In response, the plaintiff's counsel received some records, but they did not contain copies of Mark's evaluations supporting his IEP. *Id.* Ex. A.

In April 2002, Mark was incarcerated at Oak Hill Juvenile Facility, and subsequently moved to the Gateway 3 Shelter House, where he remained through mid-June. *Id.* Exs. A, E. In May 2002, a coordinator from Gateway attended Mark's IEP meeting and signed the IEP. *Id.* Exs. D, E. The plaintiff states that although she retained custody of Mark during his stay at Gateway, neither she nor her counsel received notice of the May 2002 meeting. *Id.* Ex. E.

In August 2002, the plaintiff formally requested a due-process hearing before a DCPS hearing officer pursuant to IDEA. *Id.* ¶ 9, Ex. B. In her request, the plaintiff stated that DCPS either had not conducted evaluations for Mark or had not provided the plaintiff with copies of any such evaluations and asked that the hearing officer direct DCPS to immediately conduct or disclose evaluations for Mark. *Id.* Ex. B.

The hearing took place in mid-November 2002.[1] *Id.* Ex. F. Although DCPS failed to disclose any evaluations prior to the hearing as required under IDEA, the DCPS counsel told the hearing officer that the evaluations for Mark's June 2001 and May 2002 IEPs did in fact exist. *Id.* ¶ 15, Ex. A. As for disclosure, the DCPS counsel stated that IDEA regulations required only that DCPS provide the parent with access to the student's records. *Id.* Ex. A. In response, the plaintiff argued that there was no evidence that the evaluations existed, and that DCPS had an obligation to provide her with the records. *Id.*

On November 29, 2002, the hearing officer determined that the plaintiff had failed to establish that Mark's records were incomplete, and that the regulations required only that DCPS provide parents with access to, rather than copies of, student records. *Id.* On December 3, 2002, the DCPS Hearing Office assistant coordinator received the hearing officer's determination, marked it "issued 12–3–02," and faxed a copy to the plaintiff's counsel. Defs.' Reply Ex. 1 ("Toland Aff."). The plaintiff's counsel received the fax on December 4, 2002. Pl.'s Opp'n Ex. 1.

On January 3, 2003, the plaintiff filed her complaint. On January 24, 2003, the defendants filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the plaintiff's suit is barred by the applicable statute of limitations. Defs.' Mot. to Dismiss ("Defs.' Mot.") at 1. The court now addresses the defendants' motion.

## III. ANALYSIS

### A. Legal Standard for the Statute of Limitations for HOD Appeals under IDEA

Congress enacted IDEA "to ensure that all children with disabilities have available

---

1. At the outset of the hearing, the parties disputed the plaintiff's right to request the hearing, with DCPS arguing that the plaintiff had no right to request a hearing because a legal guardian had been assigned to Mark, and the plaintiff arguing that she could request a hearing because her parental rights had not been extinguished. *Id.* Exs. A, E. The hearing officer accepted the plaintiff's argument. *Id.*

to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." *Calloway v. District of Columbia*, 216 F.3d 1, 3 (D.C.Cir.2000) (quoting 20 U.S.C. § 1400(d)(1)(A)). Under IDEA, school districts must develop IEPs to meet the special educational needs of disabled students. *Id.* (citing 20 U.S.C. § 1414(d)). As a procedural safeguard, IDEA affords parents the right to examine all records regarding their child's disability and to participate in meetings regarding the child's identification, evaluation and educational placement. 20 U.S.C. § 1415(b)(1). If a parent objects to the child's identification, evaluation, or educational placement, the parent may request a due-process hearing before a hearing officer. *Calloway*, 216 F.3d at 3 (citing 20 U.S.C. §§ 1415(b)(6), (f)(1)). A parent who is aggrieved by a hearing officer's determination ("HOD") may bring suit in state or federal court. *Id.* (citing 20 U.S.C. § 1415(i)(2)).

■■■ IDEA does not specify a statute of limitations for HOD appeals. 20 U.S.C. § 1415. Where there is no statute of limitations for a federal cause of action, "it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Spiegler v. District of Columbia*, 866 F.2d 461, 463–64 (D.C.Cir. 1989). Accordingly, the District of Columbia applies the 30–day limitations period of Rule 15(a) of the District of Columbia

Court of Appeals to IDEA administrative appeals. *Id.* at 466. Rule 15(a) states that

> [r]eview of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review *within thirty days after notice is given*, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed....

D.C. Ct.App. R.15(a) (emphasis added). The limitations period is "mandatory and jurisdictional[:] once the time prescribed by the rule is passed, [the court is] without power to hear the case." *Stone v. D.C. Dep't of Employment Servs.*, 707 A.2d 789, 790 (D.C.1998).

**B. The Court Concludes That the Plaintiff's Action Is Not Time–Barred**

■■■ The defendants argue that the statute of limitations bars the plaintiff's complaint because DCPS issued and faxed the HOD to the plaintiff's counsel on December 3, 2002 and the plaintiff filed her complaint on January 3, 2003, some 31 days later.[2] Def.'s Mot. at 1. To establish that December 3 was the date of issue, the defendants note that when the assistant coordinator in the DCPS Hearing Office receives an HOD, she writes the word "issued" along with the date on the first page and faxes it to parents' counsel on the same day. Toland Aff. According to the assistant coordinator, her records indicate that the HOD for Mark "was issued on December 3, 2002." *Id.* The defendants contend that if the plaintiff's counsel did not receive the HOD on December 3, it was the fault of the counsel's fax machine, not DCPS. Defs.' Reply at 1.

**2.** In boldface type directly above the hearing officer's signature, the HOD states that "[a]ppeals on legal grounds may be made to a court of competent jurisdiction within thirty (30) days of the date of this determination." Compl. Ex. A. The court notes that the

HOD's focus on thirty days of "the date of this determination" appears to conflict with Rule 15(a)'s focus on thirty days of "the date after notice is given." *Compare id. with* D.C. Ct. App. R. 15(a).

In response, the plaintiff contends that the statute of limitations does not bar her complaint because notwithstanding the "issued 12/3/02" notation on the HOD, the DCPS Hearing Office did not send the fax until December 4, 2003. Pl.'s Opp'n at 2. Accordingly, the plaintiff argues that the HOD "was not actually issued" until December 4, 2003, and the plaintiff therefore filed her complaint within the 30–day period. *Id.* To support her argument, the plaintiff points to a December 4 date stamp at the top of the faxed copy of the HOD. *Id.* Ex. 1.

Although the parties spend their time arguing about the date of issue, the true question under Rule 15(a) is the date of notice. D.C. Ct.App. R. 15(a). As noted, Rule 15(a) provides that "[r]eview of orders and decisions of an agency shall be obtained by filing ... a petition for review within thirty days *after notice is given.*" *Id.* (emphasis added). A review of District of Columbia case law shows that District of Columbia courts consistently have interpreted Rule 15(a) as starting the clock "upon receipt of notice." *Flores v. D.C. Rental Hous. Comm'n,* 547 A.2d 1000, 1004 (D.C.1988); *see also Jackson v. D.C. Employees' Comp. Appeals Bd.,* 537 A.2d 576, 578 (D.C.1988) (citing to an earlier version of Rule 15(a) in concluding that the current version's limitations period starts to run "from the date on which the petitioners received notice"); *Glenwood Cemetery v. D.C. Zoning Comm'n,* 448 A.2d 241, 242 (D.C.1982) (stating that the earlier version of Rule 15(a) "makes it clear that it is notice to the parties that triggers the time period for filing a petition for review").

In this case, the plaintiff received notice on December 4, 2002. Pl.'s Opp'n at 2, 5. Although she left it to the last minute, she filed her complaint within the 30–day period established by Rule 15. D.C. Ct.App.

R. 15(a). Accordingly, the plaintiff's complaint is not time-barred and the court denies the defendants' motion to dismiss. *Flores,* 547 A.2d at 1004; *Stone,* 707 A.2d at 790.

### IV. CONCLUSION

For the foregoing reasons, the court denies the defendants' motion to dismiss. An order directing the parties in a matter consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of August, 2003.