**NORTH CLEVELAND PARK CITIZENS ASSOCIATION, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent,**

and

**the McDonald's Corporation, Intervenor.**

No. 86–1541.

District of Columbia Court of Appeals.

May 25, 1988.

Charles R. Braun, Washington, D.C., for petitioners.

Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., for respondent.

George R. Keys, Jr., Washington, D.C., for intervenor.

Before MACK, NEWMAN and BELSON, Associate Judges.

PER CURIAM:

Intervenor, McDonald's Corporation, by motion to dismiss, has raised the question whether the Petition for Review filed on November 19, 1986 was timely in light of *Glenwood Cemetery v. District of Columbia Zoning Commission,* 448 A.2d 241 (D.C.1982) (per curiam). We hold that the petition was not timely filed and we thus lack jurisdiction. We grant McDonald's motion to dismiss for want of jurisdiction.

Petitioners contend that their petition was filed within the thirty days mandated by D.C.App.R. 15(a) since the Board of Zoning Adjustment's (BZA) order—dated October 10, 1986, and received by them on October 16, 1986—explicitly stated: "Under sub-section 8204.3 of the zoning regulations, 'no decision or order of the Board shall take effect until ten days after having become final pursuant to the supplemental rules of practice and procedure before the Board of Zoning Adjustment.'" Citing 11 DCMR 3103.2 (December 1985), Petitioners contend that the Order did not become final until October 20, 1986, i.e., when the ten-day period in which the Zoning Commission could *sua sponte* exercise its discretionary authority to review the BZA action had elapsed. However, 11 DCMR 3103.6 expressly provides that "[t]he *sua sponte* review process shall not grant [a party] any rights of appeal to the Zoning Commission." Consequently, we reject petitioners' argument. *See* 11 DCMR 3331.6;[1] *see also Glenwood Cemetery, supra.*

There is nothing in the BZA Order to indicate that it was misleading or inconsistent with these regulations. *Compare Nelson v. District of Columbia Dept. of Employment Servs.,* 530 A.2d 1193, 1195 (D.C.1987) (per curiam) (language in decision suggested the time period for filing a second-level appeal would not be rigidly applied); *Ploufe v. District of Columbia Dep't of Employment Servs.,* 497 A.2d 464 (D.C.1985) (per curiam) (notice, which stated appeal should be filed within ten days, failed to indi-

---

1. 11 DCMR 3331.6 (December 1985 and June 1986) provides that "a decision or order of the Board is final upon filing in the record and service upon the parties." *See* Supplemental Rules of Practice and Procedure Before the Board of Zoning Adjustment § 502.5 (August 27, 1982). 11 DCMR 3103.1 (December 1985 and June 1986) states that "[n]o decision or order of the Board shall take effect until ten (10) days after having become final pursuant to the Supplemental Rules of Practice and Procedure Before the Board of Zoning Adjustment...."

We publish our ruling in this case for two reasons. First, we wish to call to the attention of the Bar that *Glenwood Cemetery* is alive and well as a precedent. *See Jackson v. District of Columbia Employees' Compensation Appeals Board,* 537 A.2d 576 (D.C.1988). Second, we take this opportunity to urge the administrative agencies of the District of Columbia to modify the notices they give to make clear when an order is final for the purpose of judicial review.

Dismissed.

cate whether it was referring to calendar or business days).