**CAPITOL HILL RESTORATION SOCIETY, Petitioner,**

v.

**DISTRICT OF COLUMBIA MAYOR'S AGENT FOR HISTORIC PRES- ERVATION, Respondent,**

and

**The Heritage Foundation, Intervenor.**

No. 09–AA–1262.

District of Columbia Court of Appeals.

Argued Feb. 17, 2011.
Decided May 24, 2012.

Andrea C. Ferster, Washington, DC, for petitioner.

Stacy L. Anderson, Assistant Attorney General, with whom Peter J. Nickles, Attorney General for the District of Columbia at the time the brief was filed, and Todd S. Kim, Solicitor General, were on the brief, for respondent.

Deborah B. Baum, with whom Ellen Connelly Cohen and Allison Prince, Washington, DC, were on the brief, for intervenor.

M. Jesse Carlson, D.C. Preservation League, and George R. Clark, Committee of 100 on the Federal City, Washington, DC, were on the brief, for amici curiae.

Before BLACKBURNE–RIGSBY,* Associate Judge, RUIZ, Associate Judge, Retired,** and FARRELL, Senior Judge.

RUIZ, Associate Judge, Retired:

The Capitol Hill Restoration Society, petitioner, challenges the grant of a permit to The Heritage Foundation, intervenor, to add an additional floor to a building on the 200 block of Pennsylvania Avenue, S.E. The District of Columbia Mayor's Agent for Historic Preservation (the "Mayor's Agent") approved the permit in an order issued on September 4, 2009 (the "Order"). Petitioner filed a petition for review on October 15, 2009. On October 22, 2009, this court ordered petitioner to show cause why its petition should not be dismissed as untimely; the court subsequently discharged that order without prejudice on November 19, 2009, and directed the parties to address the timeliness of the petition in their briefs on the merits. Having reviewed the briefs of the parties and considered their oral arguments, we now dismiss the petition as untimely.

■ Pursuant to D.C. Court of Appeals Rule 15 ("Rule 15"), "[u]nless an applicable statute provides a different time frame, the petition for review [of an agency decision] must be filed within thirty days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed." D.C.App. R. 15(a)(2). The Mayor's Agent issued the Order on September 4, 2009, and transmitted copies to the parties via email and U.S. Mail that same day. Because the Order was made outside of the presence of the parties, petitioner had the usual thirty days to file a petition for review, plus an additional five days. *Id.* ("If the order or decision is made out of the presence of the parties and notice thereof is by mail, the petitioner will have five additional days from the date of mailing").[1] Thirty-five days from September 4, 2009 was October 10, 2009—a Saturday. The following Monday happened to fall on Columbus Day, a legal holiday, and so the last day a petition for review could be filed was Tuesday, October 13, 2009. *See id.;* D.C.App. R. 26(a)(2) & (4). Petitioner filed its petition for review on October 15, two days later. Thus, by application of the general thirty-plus-five-day time frame provided in Rule 15, the petition was untimely.

However, as noted above, the usual time period for filing a petition for review from date of notice does not govern if "an applicable statute provides a different time frame." D.C.App. R. 15(a)(2). Petitioner argues that D.C.Code § 6–1112(a) did just this. That section provides that "[i]n any case of demolition, alteration, subdivision, or new construction in which a hearing was held, the Mayor's decision on such application *shall not become final* until 15 days after issuance." D.C.Code § 6–1112(a)

---

* Judge Blackburne–Rigsby was selected to replace Judge Kramer on the division after her retirement on May 1, 2011.

** Judge Ruiz was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on September 1, 2011.

1. Because the result is the same whether we consider the mailed or emailed notice, we will assume, without deciding, that the provision of D.C. Court of Appeals Rule 26 providing that "a paper that is served electronically is not treated as delivered on the date of service stated in the proof of service," D.C.App. R. 26(c), should apply to the agency's notice as well. We caution that this provision does not appear in Rule 15.

(2008 Repl.) (emphasis added). Petitioner argues that this delay in the finality of the Order issued by the Mayor's Agent also operated to delay the time for filing a petition for review. Under this interpretation, the thirty-plus-five-day time limit applicable to petitioner would not have begun to run until September 19, 2009, and petitioner's October 15, 2009, filing would have been timely.

We are not persuaded by this argument. Finality and appealability are two distinct concepts that this court has had occasion to address in the context of various agency rules:

> As we have repeatedly held, "what matters here is not when the order became 'final' under the Board's rules, but when it became reviewable." *Jackson v. District of Columbia Emps.' Comp. Appeals Bd.*, 537 A.2d 576, 577 (D.C.1988) (holding that the time for filing a petition for review starts to run when the order is served on the parties, not thirty days later when the order became "final" under the Board's rules); *accord North Cleveland Park Citizens Ass'n v. District of Columbia Bd. of Zoning Adjustment*, 541 A.2d 912 (D.C.1988) (per curiam) (holding that the time for filing a petition for review starts to run when the order is served on the parties, not when the order becomes effective, which according to the Board's rules occurs ten days after the order is issued); *Glenwood Cemetery v. District of Columbia Zoning Comm'n*, 448 A.2d 241 (D.C.1982) (per curiam) (holding that the time for filing a petition for review starts to run when the order is served on the parties, not when the order is published in the *D.C. Register* and thereby becomes final and effective pursuant to the Zoning Commission's rules).

*York Apartments Tenants Ass'n v. District of Columbia Zoning Comm'n*, 856 A.2d 1079, 1083 (D.C.2004) (alterations omitted).

Despite this longstanding recognition by our cases of the distinction between finality and the time for filing a petition for review, petitioner argues that § 6–1112(a)'s postponement of finality altered the time for filing of its petition for review. The issue is one of statutory interpretation. Where the terms the legislature has used, viewed in their surrounding statutory context, are clear and unambiguous, a court's analysis generally goes no further. *See Parrish v. District of Columbia*, 718 A.2d 133, 136 (D.C.1998). The first point to be noted is that statutes meant to alter the time period for petitioning almost invariably contain clear language to that effect. *See, e.g.*, D.C.Code § 2–309.05(a) (2001) ("A contractor *may appeal* a Board decision to the District of Columbia Court of Appeals within 120 days after the date of receipt of a copy of the decision") (emphasis added); D.C.Code § 8–809(a) (2001) ("The hearing examiner's decision *may be appealed* within 15 days of the issuance of the decision to the Board of Appeals and Review.") (emphasis added); D.C.Code § 34–605(a) (2001) ("Any public utility or any other person or corporation affected by any final order or decision of the Commission . . . may, within 60 days after final action by the Commission upon the petition for reconsideration, file with the Clerk of the District of Columbia Court of Appeals *a petition of appeal.*") (emphasis added). These statutes all expressly "provide[ ] a different time frame" for filing a petition for review under D.C.App. R. 15(a)(2); by contrast, § 6–1112 delays only the finality—but not the appealability—of the order.

Our opinion in *Glenwood Cemetery* is particularly instructive. In that case, the petitioners had received an order of the Zoning Commission via U.S. Mail; a week

later, the same order was formally published in the D.C. Register. 448 A.2d at 241. Applicable zoning regulations provided that the order became "'final and effective upon publication in the D.C. Register....'" *Id.* at 242 (citing D.C. Zoning Commission Rules of Practice and Procedure § 4.5(e) (1981)). The petitioners, wishing to challenge the order, had filed a petition for review within thirty days of the order's publication in the D.C. Register, but outside thirty days of the earlier date on which they had received a copy via U.S. Mail. They argued that Rule 15's thirty-day time limit for appeal began to run on the day the order was published in the D.C. Register because that was the date on which the order had become "final and effective." *Id.* This court rejected that argument, noting that the time period for review began on the date notice had been received, not on the date the order became final. The court reasoned:

> D.C.App. R. 15[ ] provides that the period for filing a petition for review begins on the date that the party receives "formal notice," [2] not on the date on which the order is effective. There is no contention here that the [agency]'s action was nonfinal in the sense that there was any further consideration to be given the matter by the [agency] before finality would attach. The challenged order was a complete disposition of the case.

*Id.* Therefore, the regulation's delay of the finality and effectiveness of the order had no bearing on the timeliness of the petition for judicial review, and the court dismissed it for lack of jurisdiction.

As in *Glenwood Cemetery*, there was no higher administrative body to which the Order of the Mayor's Agent could have been appealed—the only possible review was by petition directly to this court. No further action by the Mayor's Agent, or any other administrative body, was contemplated.[3] The order in *Glenwood Cemetery* was required to be published in the D.C. Register before it would become "final," just as the Order here would not become "final" until the passage of fifteen days. But in neither case does this delay in finality have any effect on the date by which a petition for review before this court must be filed. *Glenwood*, 448 A.2d at 242 ("This court's rule makes it clear that it is notice to the parties that triggers the time period for filing a petition for review, and we hold that our rule controls.").[4]

---

2. At the time, Rule 15 provided that the thirty-day time period began to run when *"formal notice"* was received by the parties. D.C.App. R. 15(b) (1981) (emphasis added). The absence of the word "formal" in the current Rule 15 has no effect on our analysis.

3. We disagree with petitioner's contention that its situation is analogous to the one considered by the court in *Stone v. District of Columbia Dep't of Emp't Servs.*, 707 A.2d 789 (D.C.1998). *Stone* involved a motion for administrative review of an initial decision of the Department of Employment Services ("DOES"). If the Director of DOES failed to take any action on such a motion within forty-five days, the initial decision automatically became the agency's final decision that could then be reviewed by this court. *Id.* at 790.

In *Stone*, the forty-five-day delay in finality specifically contemplated further agency action (or else attributed a specific consequence to inaction during that period). Here, the fifteen-day delay in finality provided by § 6–1112(a) did not contemplate a change in the administrative order.

4. Petitioner also suggests that this court would be without jurisdiction to review a nonfinal order. *See* D.C.Code § 11–722 (2001) ("The District of Columbia Court of Appeals has jurisdiction ... to review *orders* and decisions of the Commissioner [Mayor] of the District of Columbia ... in accordance with the District of Columbia Administrative Procedure Act.") (emphasis added); D.C.Code § 2–502(11) (2010 Supp.) (defining "order" to mean, in relevant part, a *"final* disposition

The conclusion that D.C.Code § 6–1112(a) was not intended to affect the time for appealing an order of the Mayor's Agent is supported by the language of the subsection that follows it. Subsection (b) provides that "[a]ll proceedings pursuant to this subchapter shall be conducted in accordance with the applicable provisions of [the Administrative Procedure Act, D.C.Code § 2–501, *et seq.* (the "APA")]." D.C.Code § 6–1112(b) (2008 Repl.). The APA, in turn, provides that "[a] petition for review shall be filed in such Court *within such time as such Court may by rule prescribe.*" D.C.Code § 2–510(a) (2001) (emphasis added). The time that this court has prescribed is the one found in Rule 15, which specifies that the petitioner had thirty days from receipt of notice, plus five days because the order was entered outside the presence of the parties.

Having determined that the meaning of § 6–1112 is clear, we would ordinarily end our discussion. *See Parrish,* 718 A.2d. at 136 (" 'If the meaning of the statute is plain on its face, resort to legislative history or other extrinsic aids to assist in its interpretation is not necessary.' ") (quoting *United States v. Young,* 376 A.2d 809, 813 (D.C.1977)). However, petitioner has identified one statement in the legislative history of § 6–1112 that we feel compelled to address. Section 6–1112 was enacted as part of The Historic Landmark and Historic District Protection Act of 1978. Section 13 of the Committee Report, which accompanied the corresponding bill, included a paragraph stating:

Subsection (a) [of § 6–1112] provides that in the case of demolition, alteration or new construction in which a hearing was held, the Mayor's decision as to the permit application shall not become final until fifteen days after issuance. *This would delay the commencement of the thirty-day period in which a[n] appeal from a final order must be taken pursuant to the D.C. Administrative Procedure[ ] Act.*

Committee on Housing and Urban Development, Report on Bill 2–367 "The Historic Landmark and Historic District Protection Act of 1978" at 14 (Oct. 5, 1978) (emphasis added). The comment in the Committee Report is not persuasive to us because it was made with reference to a predecessor provision that contained additional language that no longer appears in the statute today. Section 6–1112, as it was originally enacted in 1978, contained a second sentence in subsection (b), so that the subsection, in its entirety, read as follows:

All proceedings pursuant to this chapter shall be conducted in accordance with the applicable provisions of [the Administrative Procedure Act]. *Any final order of the Mayor under this chapter shall be reviewable in the District of Columbia Court of Appeals.*

D.C.Code § 5–832(b) (1979 Supp.) (emphasis added), *amended and recodified at* D.C.Code § 6–1112(b) (2008 Repl.). A fifteen-day delay in finality, read together with the sentence providing that only "final" orders of the Mayor are reviewable by this court, indeed suggest that § 6–1112 was originally enacted with the intention of delaying the time period for filing a

---

... of the Mayor") (emphasis added). We rejected this same argument in both *Glenwood Cemetery,* 448 A.2d at 242 (holding that an order that "was a complete disposition of the case" was reviewable even if still "nonfinal" under agency regulations), and *Jackson,*

537 A.2d at 578 (same). Moreover, there can be no contention that the decision was not "final" under § 6–1112 by the time this court actually reviewed the petition. *See District of Columbia Dept. of Emp't Servs. v. Vilche,* 934 A.2d 356, 359 (D.C.2007).

petition for review.[5] The statute was amended in 1998 as part of the Omnibus Regulatory Reform Act of 1998. These amendments included, in relevant part, the following additions and revisions to subsection (b):

> All proceedings pursuant to this subchapter shall be conducted in accordance with the applicable provisions of [the Administrative Procedure Act]. *The hearing by the Review Board upon the filing of an application to designate a historic landmark shall be conducted under the contested case procedures contained in [the Administrative Procedure Act]. Any final order of the Mayor under this subchapter and any final order of the Review Board regarding the designation of a historic landmark shall be reviewable in the District of Columbia Court of Appeals.*

D.C.Code § 5–1012(b) (1998 Supp.) (emphasis added), *amended and recodified at* D.C.Code § 6–1112(b) (2008 Repl.). This amendment also made specific reference to review by the court of "final" orders. The statute was then further amended in 2000. This amendment eliminated both the second and third sentences of subsection (b) (*i.e.*, all of the italicized language above).

As a result of this most recent amendment, there is no longer any indication in the statutory language that it is only "final" orders of the Mayor that are reviewable by this court. Between the time the act was originally enacted in 1978 and the time that the statute was most recently amended in 2000, this court had made clear in decisions such as *Glenwood Cemetery* (1982) that finality and appealability are two distinct concepts. We assume that the legislature was aware of these holdings. *See Marshall v. District of Columbia Rental Hous. Comm'n*, 533 A.2d 1271, 1275–76 & n. 2 (D.C.1987). Therefore, even if the delay in finality could have been read to delay the time for petitioning for review when the statute was first enacted in 1978 and when it was amended in 1998, it can no longer be said to have that effect after the amendment in 2000. Accordingly, we conclude that the Committee Report is not entitled to the weight that petitioner urges and, consistent with our subsequent cases, hold that the fifteen-day delay in finality in D.C.Code § 6–1112(a) has no bearing on the time-frame for appealability in Rule 15.

In the alternative, petitioner argues, even if Rule 15's thirty-day period normally applies to appeals of an order of the Mayor's Agent, that time period should not be strictly applied in this case because the Order itself contained a notation indicating that "pursuant to D.C.Code § 6–1112(a), this Order shall take effect fifteen days after issuance." Petitioner contends that this notation was misleading and created

---

5. Whether the language that the legislature used would have accomplished this intention is another matter. We note that the executive branch's interpretation of § 6–1112, to which we ordinarily defer, *see Majerle Mgmt. Inc. v. District of Columbia Rental Hous. Comm'n*, 866 A.2d 41, 46 (D.C.2004), is consistent with our holding. The applicable chapter of the District of Columbia Municipal Regulations provides that an order of the Mayor's Agent is "final" as soon as it is issued, 10–C DCMR § 410.1, and becomes "effective" fifteen days later, *id.* at § 410.5; *see also North Cleveland Park Citizens Assoc.*, 541 A.2d at 912 (reject-ing petitioner's argument that order was not immediately appealable where applicable regulations provided that the order in question would become "final" upon service but would not "take effect" until ten days later) (citing 11 DCMR §§ 3101.1 & 3331.6 (December 1985 and June 1986)); *cf.* 11 DCMR § 3028.9 (providing that "[a] written order [of the Zoning Commission] setting forth a final action shall become *final and effective* upon publication in the D.C. Register, unless the Commission specifies a later effective date") (emphasis added).

an ambiguity which this court should resolve in its favor, in the spirit of the maxim that "[i]n situations where ambiguity exists regarding the date of an order or decision, this court has resolved the ambiguity in favor of the party seeking review." *Askin v. District of Columbia Rental Hous. Comm'n,* 521 A.2d 669, 675 (D.C.1987); *see also In re D.R.,* 541 A.2d 1260, 1264 (D.C. 1988) ("In ... areas of administrative law, we have emphasized the importance of eliminating ambiguity, and, where we have found ambiguity, we have construed it against the government agency that drafted the language.").

There is some question whether the court may consider petitioner's argument in this statutory context. Because the applicable provision of the APA incorporated into D.C. § 6–1112(a) provides that "[a] petition for review *shall* be filed in such Court within such time as such Court may by rule prescribe," D.C.Code § 2–510(a) (emphasis added), the time for appeal provided in Rule 15 acquires the force of a statutory jurisdictional mandate. Thus, this is not a case where the requirement of Rule 15 may be relaxed, at the court's discretion, as a court-created "claim-processing rule." *Smith v. United States,* 984 A.2d 196, 200 (D.C.2009) (citing *Bowles v. Russell,* 551 U.S. 205, 211, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007)). As the petition for review was filed outside of the statutory time limit, i.e., the one prescribed by Rule 15, this court is without jurisdiction to review the Order.

█ However, even assuming we have authority to look past an untimely filing to take into account the particulars of the notice provided to petitioner, we would not exercise it in this case. In those cases where we have applied the principle of construing ambiguity against the agency, the ambiguity has been of a different character than the one in the case at hand, in that it has been attributable to some action on the part of the agency that misled the appellant. In *Askin,* for example, the agency's rule provided that an agency decision automatically became final if the agency did not act within fifteen days of receiving a motion for reconsideration. 521 A.2d at 674 (citing 14 DCMR § 3320.6 (1983) (providing that "failure of the Commission to act within [15 days of the receipt of the motion for reconsideration] shall constitute a denial of the motion for reconsideration")). An aggrieved party would at that time have had fifteen days from that date to file a petition for review with this court. *Id.* (citing D.C.App. R. 15 (c) (1983)). In *Askin,* the agency denied the petitioner's motion for reconsideration by failing to act within fifteen days. Then, several days after this period had expired, but within the fifteen days to petition for review with the court, the agency sent a letter to the petitioner informing him of its denial of the motion for reconsideration. Importantly, the letter "in no way impl[ied] that it [wa]s merely confirming any previous 'automatic' denial of the petition." *Id.* As a result, it was unclear whether the fifteen-day period for filing a petition for review should have begun to run (i) on the date that the fifteen-day period of administrative review expired without any agency action, or (ii) on the date when the petitioner received the letter from the agency informing him of that fact. In light of this uncertainty, which arose as a result of the agency's action, the court decided to resolve the ambiguity in favor of the petitioner, and concluded the petition for review was timely. *Id.* at 675.

Similarly, in *In re D.R.,* a mother had executed a form in which she voluntarily relinquished her parental rights over her son. 541 A.2d at 1261. A statute provided that the Department of Human Services ("DHS") was required to inform a parent

that she could revoke her relinquishment within ten days of executing the form. *Id.* at 1262–63 (citing D.C.Code § 32–1007(g)(1) (1987 Supp.)). A separate provision of the same statute provided that such a revocation, in order to be effective, was required to be delivered to DHS in "a verified writing." *Id.* (citing D.C.Code § 32–1007(c) (1987 Supp.)). By way of a notation on the form the mother executed, DHS did provide notice that her relinquishment could be revoked within ten days, but without specifying that the revocation had to be in writing. Reading the two statutory provisions together, the court concluded that the notice to the parent, in addition to informing her that she could revoke her relinquishment, also had to inform her that such revocation would need to be *in writing. Id.* at 1264. Because the government had failed to properly inform the mother of how she could revoke her relinquishment, and created an "ambiguity" as to "whether the right of revocation was, or was not, subject to a writing requirement," *id.,* the court resolved the ambiguity in favor of the mother and allowed her revocation to be effective even though it had not been in the proper, written form. *Id.*

In both *Askin* and *D.R.,* the ambiguity arose because the agency had delivered some form of notice that contained a misleading statement or omitted a material provision of applicable law. In other cases in which ambiguities were resolved in favor of petitioners, the uncertainty also occurred as a result of some improper representation on the part of the government. *See, e.g., Ploufe v. District of Columbia Dep't of Emp't Servs.,* 497 A.2d 464, 465 (D.C.1985) (agency had not specified whether an appeal must be filed within ten calendar days or ten business days); *Bailey v. District of Columbia Dep't of Emp't Servs.,* 499 A.2d 1223, 1225 (D.C.1985) (agency notice had incorrectly implied that a late-filed appeal could be still be consid-

ered); *York,* 856 A.2d at 1083 (agency, "contrary to its rules, ... published [an] order in the *D.C. Register* prior to serving it on the parties"); *Basken v. District of Columbia Bd. of Zoning Adjustment,* 946 A.2d 356, 365 (D.C.2008) (agency notice had erroneously suggested that a component of a building permit was still subject to further approval).

In this case, on the other hand, the Mayor's Agent committed no error when she included a notation in the Order indicating that it "shall not take effect" until fifteen days after its issuance. This was an accurate statement of law. D.C.Code § 6–1112(a). Under The Historic Landmark and Historic District Protection Act of 1978, D.C.Code § 6–1101 *et seq.,* the Mayor's Agent is vested with authority to approve permits for, *inter alia,* alterations and demolitions of historic landmarks and buildings in historic districts. *See* D.C.Code §§ 6–1104 & –1105 (2008 Repl.). In those cases where the Mayor's Agent has approved a permit which would result in the demolition or permanent alteration of a property, knowing that there is a fifteen-day delay in the finality of the order would be useful information for a party that, for example, desired to seek injunctive relief before the party who obtained the order could act on it. That petitioner apparently misunderstood this notation to mean that it had an additional fifteen days for filing a petition for judicial review of the Order is not the kind of "ambiguity," caused by the agency, that this court has recognized as allowing an exception to the time period prescribed in Rule 15.

Accordingly, because the petition for review was untimely filed, it is dismissed for want of jurisdiction.

*So ordered.*