McLEESE, Associate Judge,
concurring in part and dissenting in part:
I agree that the proceeding before the District of Columbia Housing Authority (DCHA) in this case was a contested case and that the DCHA’s ruling is properly reviewed in this court. I therefore join Part II.A. of the opinion for the court.
I also agree that Mr. Mathis’s petition for review is not time-barred, but I would rest that conclusion on narrower grounds. The opinion for the court holds that the time limits applicable to petitions for review in this court are not jurisdictional. As the opinion for the court acknowledges, however, this court held the opposite only three years ago, in Capitol Hill Restoration Society v. District of Columbia May- or’s Agent for Historic Preservation, 44 A.3d 271, 277 (D.C.2012). The opinion for the court may well be correct that subsequent Supreme Court cases have drawn into question our holding in Capitol Hill Restomtion Society, but I am reluctant to decide that issue unnecessarily. The issue has not been briefed by the parties, and we can rule more narrowly.
Under the unique-circumstances doctrine, this court has refused to enforce otherwise jurisdictional time limits if the party seeking review was affirmatively misled by the authorities about where or when to seek review. See, e.g., Frazier v. Underdue-Frazier, 803 A.2d 443, 444-45 (D.C.2002) (unique-circumstances doctrine permits court of appeals to treat untimely notice of appeal as timely, even if time limit is mandatory and jurisdictional, if untimeliness resulted from reasonable reliance on affirmatively misleading action of trial court) (citing cases); Pierola v. Mos-chonas, 687 A.2d 942, 945-47 (D.C.1997) (same). That doctrine seems a perfect fit for the circumstances of this case. First, the applicable DCHA regulation directed Mr. Mathis to Superior Court. See 14 DCMR § 8905.4(a) (2010). Second, the final order at issue in this ease pointed Mr. Mathis to Superior Court. Third, all the way up until oral argument in this case, DCHA took the position that Mr. Mathis was required to seek review in Superior Court rather than this court.
I recognize that the Supreme Court has overruled the unique-circumstances doctrine. Bowles v. Russell, 551 U.S. 205, 208-14, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). This court has not yet addressed Bowles’s implications for the unique-circumstances doctrine in this court, and the parties in this case have not briefed that issue. I do not think that the court needs to decide the issue in this case. Under this court’s prior decisions, Mr. Mathis’s petition is not time-barred because compliance with an otherwise jurisdictional time-limit would be excused under the unique-circumstances doctrine. Assuming that the opinion for the court in this case is correct, subsequent Supreme Court decisions support a conclusion that Mr. Mathis’s petition is not time-barred because the applicable time limit is not jurisdictional and Mr. Mathis would be entitled to equitable tolling of that time limit. Given that Mr. Mathis’s petition is not time barred under either approach, the court in this case has no need to decide between the approaches. In theory, this court could rely on Bowles to overrule the unique-circumstances doctrine while adhering to the view that the time-period at issue in this case is jurisdictional. Mr. Mathis’s petition would be time-barred under that approach, but such an approach in my view would be doctrinally unwarranted and would lead to unfair results in cases such as this. I therefore would simply hold *1110 that Mr. Mathis’s petition is not time-barred, whether under our current law or under the different approach suggested by more recent Supreme Court cases.
Although the opinion for the court suggests that this court should not leave in “legal limbo” the question whether a time limit for review is jurisdictional in character, this court has repeatedly declined to resolve such issues when resolving them was not necessary to decide the particular case before the court. See Neill v. District of Columbia Pub. Emp. Relations Bd., 93 A.3d 229, 237 n. 34 (D.C.2014) (“For purposes of this appeal, we need not decide whether our decisions labeling the time limit jurisdictional remain good law in light of subsequent Supreme Court cases (including those cited in the next para.graph) distinguishing jurisdictional rules from claim-processing rules.”); Clark v. Bridges, 75 A.3d 149, 151 n. 1 (D.C.2013) (“In light of our conclusion that the landlord’s appeal must be allowed, we do not reach the tenant’s argument that if the appeal was untimely, the court would lack jurisdiction to entertain it.”); In re Na.H., 65 A.3d 111, 116 (D.C.2013) (“We need not determine whether the time limit before us is jurisdictional in nature because the outcome of this appeal would be the same regardless of its status. See District of Columbia v. Wical Ltd. P’ship, 630 A.2d 174, 182 (D.C.1993) (reviewing court should avoid deciding issues that are unnecessary to á case’s disposition).”). In my view, following that course is particularly appropriate in this case, because the parties have not briefed the issues the opinion for the court decides. It is of course true that we are obliged to determine that we have jurisdiction before ruling on the merits in a case. I conclude that we do have jurisdiction, whether we adhere to our decisions or adopt those of the Supreme Court. Our decisions in Neill, Clark, and In re Na.H. demonstrate that we are not obliged to raise and answer all “jurisdictional questions,” even if those questions need not be answered in order to conclude that we have jurisdiction. As the opinion for the court accurately points out, my analysis rests on the conclusion that it would not make sense to adopt only half of the Supreme Court’s law. But that conclusion is far narrower than the holdings of the opinion for the court that two separate lines' of this court’s authority are no longer good law.
Finally, I dissent from the holding in Part III of the opinion for the court that there was not substantial evidence to support a conclusion that Mr. Ratchford more likely than not “stayed” at Mr. Mathis’s apartment for more than thirty days. I note at the outset that I am not entirely sure how “stay” should be interpreted for purposes of the Administrative Plan. For current purposes; I assume (as the parties and the opinion for the court seem to assume) that “stay” is synonymous with “reside,” which is the term used in 24 C.F.R. § 982.551(h)(2) (2015). Under that assumption, I conclude that there was substantial evidence to support a conclusion that Mr. Ratchford more likely than not stayed at Mr. Mathis’s apartment for more than thirty days.
Our inquiry is deferential, and we are required to give the agency the benefit of all reasonable inferences from the record. See generally, e.g., Vogel v. District of Columbia Office of Planning, 944 A.2d 456, 463-64 (D.C.2008) (“Substantial evidence, as we often have said, means more than a mere scintilla. What we have demanded is relevant and admissible evidence that a reasonable mind would accept as adequate — a well-worn phrasing that is deferential to the administrative agency’s prerogatives as trier of fact but not toothless in its insistence on evidence with genuine probative force. The test is comparable to that we employ in review *1111 ing sufficiency of the evidence to withstand a motion for judgment as a matter of law: the opponent of the motion must be given the benefit of every reasonable inference from the evidence, but not inferences based on guess or speculation.”) (footnotes and internal quotation marks omitted). Moreover, the evidence must be considered in its totality, not item by item. Kalorama Citizens Ass’n v. District of Columbia Bd. of Zoning Adjustment, 984 A.2d 393, 400 (D.C.2007) (court will uphold agency factual finding if “based on substantial evidence in the record as a whole”); cf., e.g., In re K.M., 75 A.3d 224, 235 n. 6 (D.C.2013) (emphasizing that sufficiency of evidence “must in the end- be assessed in light of the evidence taken as a whole,” not on “the weight of various pieces of evidence in isolation”). Finally, as the opinion for the court notes, the DOHA in this case bore the burden of proof by a preponderance of the evidence. In other words, the question for this court is whether, considering the totality of evidence, a reasonable factfinder could conclude that it was more likely than not that Mr. Ratchford stayed at Mr. Mathis’s apartment for over thirty days. See generally, e.g., V.K. v. Child & Family Servs. Agency, 14 A.3d 628, 633 n. 10 (D.C.2011) (“The preponderance of the evidence standard requires proof that something more likely than not exists or occurred”) (internal quotation marks omitted).
In my view, the evidence permitted a reasonable factfinder to conclude that Mr. Ratchford more likely than not stayed in Mr. Mathis’s apartment for more than thirty days. Specifically, there was evidence that (1) Mr. Mathis was arrested on August 28, 2009; (2) Mr. Mathis was concerned about the security of the apartment, because someone broke into the apartment; (3) no one other than Mr. Mathis was authorized to stay in the apartment, so there was no authorized occupant to keep an eye on the apartment; (4) Mr. Mathis made arrangements to have Mr. Ratchford keep an eye on the apartment; (5) Mr. Mathis and Mr. Ratchford have a very close, family-type relationship, referring to each Other as brothers or cousins; (6) Mr. Mathis gave Mr.-- Ratchford (and apparently only Mr. Ratchford) a key to the apartment (although some of the testimony about whether Mr.- Mathis directly gave Mr. Ratchford a key was unclear, in part at least because the transcript is garbled, Mr. Mathis ultimately testified clearly that he. gave a key to Mr. Ratchford); (7) Mr. Ratchford was arrested at the apartment on September 11, 2009, and a police report' prepared in connection with the arrest indicated that Mr. Ratchford lived at the apartment; (8) Mr. Ratchford was present at the apartment on October 7, 2009, and told an investigator that “they” (inferentially Mr. Mathis and Mr. Ratchford) were in the process of moving; and (9) on October 13, 2009, Mr. Mathis told an investigator that ■> Mr. Ratchford “was living [at the apartment] with Mr. Mathis” and “had been living with [Mr. Mathis] for a period of time” or “from time-to-time.”
Taken together, that evidence seems to me to permit a reasonable conclusion that Mr. Ratchford more likely than not stayed at Mr. Mathis’s apartment from at least September 11, 2009, to October 13, 2009, which is thirty-two days. Specifically, a factfinder could reasonably conclude that Mr. Ratchford more likely than not was staying in the apartment as of September 11, 2009, because there was evidence permitting an inference that Mr. Ratchford gave the apartment as his address on that date. Moreover, a factfinder could further conclude that Mr. Ratchford more likely than not stayed in the apartment through October 7, 2009, because there was evidence -that Mr. Ratchford was present at the apartment on that date and made a statement that can be reasonably under *1112 stood to indicate that Mr. Ratchford and Mr. Mathis were in the process of moving out together. Finally, a reasonable fact-finder could conclude that Mr. Ratchford more likely than not stayed in the apartment through October 13, 2009, because there was evidence that Mr. Mathis made a statement on that date indicating that Mr. Ratchford was living with Mr. Mathis and had been doing so for a period of time.
The foregoing evidence did not establish beyond doubt that Mr. Ratchford stayed in Mr. Mathis’s apartment for more than thirty days. It is possible that Mr. Ratch-ford had some other residence for some or all of the time period in question, although there was no specific evidence in the record of such a residence. It is also possible that Mr. Ratchford and Mr. Mathis were moving out to separate destinations, and that Mr. Ratchford did so right after October 7, 2009. On the other hand, it is possible, perhaps probable, that Mr. Ratchford was not so unfortunate as to be arrested in the apartment on the very day he began his stay there, and that he in fact had been staying in the apartment for some time before September 11, 2009. These various possibilities, however, do not undermine the conclusion that the evidence, considered as a whole, permitted a reasonable factfinder to find that Mr. Ratchford more likely than not stayed in the apartment for more than thirty days. Even under the far more demanding standard of proof beyond a reasonable doubt, the evidence “need not negate every possible hypothesis of innocence.” Miller v. United States, 115 A.3d 564, 570 (D.C.2015).
Although the opinion for the court concludes that the evidence was insufficient, my analysis differs in three principal respects. First, the opinion for the court does not give adequate weight to the evidence of the statement that Mr. Mathis made on October 13, 2009, indicating that Mr. Ratchford was living with Mr. Mathis and had been doing so for a period of time. Second, it is true, as the opinion for the court notes, that Mr. Ratchford was arrested on September 11, 2009. But Mr. Mathis has not contended that Mr. Ratch-ford’s arrest is relevant to the sufficiency of the evidence, and I see no basis for concluding that the arrest caused a change in Mr. Ratchford’s residence or otherwise undermined the sufficiency of the evidence. Third, the opinion for the court appears to focus on pieces of evidence in isolation, rather than assessing the reasonable conclusions that can be drawn when considering the evidence in its totality.
For the foregoing reasons, I would hold that there was substantial evidence to support the conclusion that Mr. Ratchford more likely than not stayed in Mr. Mathis’s apartment for more than thirty days. I therefore respectfully dissent in part. Having concluded that the evidence was insufficient, the opinion for the court does not reach Mr. Mathis’s other procedural challenges. Although I see no reason to expound on the issue, I would remand the matter to DOHA for further consideration in light of those procedural challenges. Cf., e.g., Dillon v. District of Columbia Dep’t of Emp’t Servs., 912 A.2d 556, 560-61 (D.C.2006) (remanding for further findings where agency failed to make adequate findings).