**Charles C. PARSONS, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent.**

**No. 11–AA–1606.**

District of Columbia Court of Appeals.

Argued Jan. 23, 2013.

Decided Feb. 28, 2013.

Stephen M. Truitt, Washington, for petitioner.

James C. McKay, Jr., Senior Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for respondent.

Before BECKWITH and McLEESE, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM.

Petitioner Charles Parsons seeks review of an order of the District of Columbia Board of Zoning Adjustment ("BZA") granting special exceptions from zoning requirements in connection with proposed construction by one of Mr. Parsons's neighbors.

Mr. Parsons contends that the BZA unlawfully failed to state findings of fact and conclusions of law in its order granting the special exceptions, and asks this court to vacate the BZA's order and remand for the BZA to provide such findings and conclusions. For its part, the BZA initially asked that Mr. Parsons's petition be held in abeyance to permit the BZA to issue "a full order with findings of fact and conclusions of law." In support of that request, the BZA took the position that permitting the BZA to issue such an order would make the "administrative record ... much more complete and amenable to judicial review." Mr. Parsons opposed that request, which this court denied. The BZA now argues that it was not legally required to state findings of fact and conclusions of law, and asks this court to affirm.

We do not find it necessary to resolve the question whether the BZA was legally required to state findings of fact and conclusions of law in the circumstances of this case. Rather, as a matter of discretion, we vacate the BZA's order and remand for the BZA to state findings of fact and conclusions of law. *See generally* D.C.Code § 2–510(a) (2011) (in ruling on petition for review in contested case, court may set aside agency's order and "remand the case for further proceedings, as justice may require"). Both parties have acknowledged before this court that a more explanatory order from the BZA would facilitate judicial review in this case. A remand would also permit the BZA to state explicitly whether it is or is not deciding the merits of Mr. Parsons's contention that a variance rather than a special exception would be required to authorize the contemplated construction.[1]

The order of the BZA is therefore vacated, and the case is remanded for further proceedings consistent with this order.

*So ordered.*

SCHWELB, Senior Judge, concurring in the judgment:

I agree with the court's opinion as far as it goes, and I therefore concur in the judgment. In my opinion, however, the case presents several issues that merit fuller

---

1. In a post-argument submission filed pursuant to D.C.App. R. 28(k), the BZA contends that the question whether a variance rather than a special exception was required is not properly before the BZA at this juncture. Mr. Parsons subsequently moved to strike the BZA's submission on the ground that it was impermissibly argumentative. Because we do not address the merits of the issue raised by the BZA in its submission, we deny the motion to strike as moot.

treatment than the court has given them. Accordingly, I write separately to state my views on these issues.

## I.

On November 17, 2011, following an evidentiary hearing, the Board of Zoning Adjustment issued a "Summary Order" granting the application of Stephanie and John Lester for a special exception from zoning requirements applicable to their residence at 117 C Street, S.E., in Washington, D.C. The purpose of the special exception was to permit the Lesters to construct a two-story addition with an attached garage at the rear of their existing town house. The plan was for the garage to be connected to the existing property by a trellis, 51% of which was to be covered.

Petitioner Charles Parsons, who lived in a nearby town house, and who had testified at the hearing in opposition to the Lesters' application, but who had not taken the steps required by the Board's regulations to become a party to the proceedings, has asked this court to review and vacate the Board's Summary Order. Parsons contends that the Board erred procedurally by failing to issue findings of fact and conclusions of law, thus effectively thwarting judicial review. Parsons also claims that the Board erred substantively by granting the special exception. The Board, through its counsel, responds that it was not required to issue findings and conclusions because the relief granted was not adverse to the position taken by any party before the Board. The Board defends its substantive decision as correct.

This case is unusual because the Board, its counsel, and Parsons have *all* argued persuasively that judicial review in this particular case would, at the very least, be substantially facilitated by the issuance of full findings of fact and conclusions of law, and that such findings and conclusions should therefore be required before this court addresses the merits of Parsons' petition for review. Although counsel for the Board has now disavowed his previous argument and contends that we should affirm the Board's order without requiring findings and conclusions, I am of the opinion that counsel's original position, which is also that of Parsons, was sound, and that on this issue, the Board should not be permitted to "change its position according to the exigencies of the moment." *1303 Clifton St., LLC v. District of Columbia,* 39 A.3d 25, 35 (D.C.2012) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Accordingly, I would vacate the Board's Summary Order and remand the case to the Board for issuance of findings of fact and conclusions of law and for other proceedings consistent with this opinion.

## II.

Following the entry of the Board's order, Parsons filed a comprehensive motion for reconsideration, which the Board denied. Parsons then sought review in this court and, on May 2, 2012, he filed his opening brief. In that brief, he argued, relying, *inter alia,* on *Economides v. District of Columbia Bd. of Zoning Adjustment,* 954 A.2d 427, 433 (D.C.2008), that under the District of Columbia Administrative Procedure Act (DCAPA), the Board was required to make findings on each contested issue of fact. He asserted that "the Board had made no findings and conclusions on whether the applicant had satisfied its burden of proof or anything else." Parsons claimed that in this case, "the Board's order cannot stand. Indeed, without findings and conclusions, judicial review is quite impossible and the DCAPA is subverted."

On May 11, 2012, before its own brief was due, the Board responded with a mo-

tion in which it asked the court to "hold this appeal in abeyance until after the Board's issuance of a full order with findings of fact and conclusions of law." The Board argued that:

> It is in the interest of judicial efficiency to hold this appeal in abeyance until the Board issues a full order with findings of fact and conclusions of law. Indeed, one of Parsons's principal arguments in his brief is that "without findings and conclusions judicial review is quite impossible." Parsons Br. 12. The administrative record will be much more complete and amenable to judicial review after the Board issues a full order.

Counsel for the Board further represented in his motion that the Board itself had "also decided to prepare a full order," and had asked the Office of the Attorney General to prepare the requisite findings and conclusions. The Board and its attorney thus affirmatively represented to this court that the Summary Order was insufficiently "complete and amenable to judicial review," and they did not dispute Parsons' contention that judicial review of that order was "quite impossible."

Although the Board, in its motion to hold the petition for review in abeyance, appeared to be seeking the very next step in the case (findings and conclusions by the Board) which Parsons had requested in his brief, Parsons asked the court to deny the Board's motion. On June 5, 2012, the court denied the motion on nonsubstantive grounds. Nevertheless, in his reply brief, Parsons again sought reversal, reiterating that "there is no analysis because the Board did not make findings of fact or conclusions of law." Parsons requested the court to instruct the Board to "do what the Board has already admitted it should do: make findings and conclusions."

## III.

It is undisputed that even though Parsons did not apply for party status before the Board or take any of the other steps required by the Board's regulations in order to become a party, *see* 11 DCMR § 3106.2 (2000), he nevertheless has standing under the DCAPA to contest the Board's Summary Order. *See* D.C.Code § 2–510(a) (2001); *Tiber Island Co-op. Homes, Inc. v. District of Columbia Zoning Comm'n*, 975 A.2d 186, 189 n. 4 (D.C. 2009) (citing *York Apartments Tenants Ass'n v. District of Columbia Zoning Comm'n*, 856 A.2d 1079, 1082 n. 2 (D.C. 2004)) (holding that a potentially aggrieved person may have standing even if he or she did not have party status before the Board). The Board's regulations require notice of the proceedings to neighbors residing within 200 feet of the proposed construction, 11 DCMR § 3113.5(a) (2010), and Parsons was served with notice of the hearing before the Board on the Lesters' application for a special exception. At oral argument, counsel for the Board confirmed that the Board was not disputing Parsons' standing to seek review under the DCAPA.

The question whether Parsons has the legal right to complain of the Board's failure to issue findings of fact and conclusions of law is more difficult. The DCAPA provides in pertinent part that "[e]very decision *adverse to a party to the case,* rendered by the Mayor or an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law." D.C.Code § 2–509(e) (2001) (emphasis added). As the Board correctly points out in its brief, Parsons "could have requested the Board to grant him party status under 11 DCMR § 3106, but did not do so," and he therefore was not a party to the case before the Board. In his initial brief, Parsons admit-

ted that he was not a party—under the heading "LIST OF PARTIES," he stated that "[t]he parties below were the applicants, Mr. and Mrs. Lester, Advisory Commission 6B, and the District of Columbia Board of Zoning Adjustment"—but he claimed that party status was unnecessary. In his reply brief, Parsons contradicted his initial submission, asserted that he was a party "by operation of law," and argued that "to the extent that Board rules might impose added requirements on Petitioner to perfect party status, such requirements are void."

I am not at all persuaded by this contention. Agency regulations are presumed to be valid, see, e.g., Wasserman v. District of Columbia, 959 A.2d 1139, 1140–41 (D.C. 2008) (per curiam), and in order to establish that the regulation in question is void, Parsons must carry a substantial burden. Parsons has cited no germane authority to support his claim of voidness which, so far as I have been able to determine, was first asserted in his reply brief in this court. I therefore conclude that Parsons was not a party to the proceedings before the Board.

### IV.

In *Economides*, this court articulated as follows the applicable standard of review: "In reviewing a BZA decision, we must determine (1) whether the agency has made a finding of fact on each material contested issue of fact; (2) whether substantial evidence of record supports each finding; and (3) whether conclusions legally sufficient to support the decision flow rationally from the findings." 954 A.2d at 433 (citations and internal quotation marks omitted). This standard presupposes that, at least in cases of any complexity, the Board, like other agencies, is required to issue findings of fact and conclusions of law. This obligation is not absolute; the fact that D.C.Code § 2–509(e) requires

findings and conclusions in decisions "adverse to a party in the case" demonstrates that there are some situations in which findings and conclusions are not required. Nevertheless, this court has recognized that its function in reviewing administrative action is "to assure that the agency has given full and reasoned consideration to all material facts and issues," and that "it can only perform this function when the agency discloses the basis of its order by an articulation with reasonable clarity of its reasons for the decision." *Dietrich v. District of Columbia Bd. of Zoning Adjustment*, 293 A.2d 470, 473 (D.C.1972). I do not believe that the Board's Summary Order satisfies this standard.

The Board argues that these principles, and specifically the requirement that it make findings of fact and conclusions of law, apply only where the agency decision is adverse to a party to the proceedings before it. Indeed, as we have noted, the statute affirmatively requires findings and conclusions when a decision adverse to a party is being reviewed, and it is on this apparent limitation that the Board hangs its hat. In my view, however, the fact that the obligation to issue findings and conclusions applies by its terms to decisions adverse to a party to the agency proceedings is of no solace to the Board here in light of the record and history of this case. I so conclude for two reasons.

First, in its motion to hold proceedings in this court in abeyance, the Board has not only acknowledged but affirmatively asserted that the record in this specific case will not be complete or sufficiently amenable to judicial review unless the Board first issues findings of fact and conclusions of law. Indeed, the Board quoted with apparent approval, or at least made no attempt to contradict or challenge, Parsons' assertion in his brief that without findings and conclusions, judicial review

would be "quite impossible." Although, from the Board's perspective, the "exigencies of the moment," *1303 Clifton St., LLC,* 39 A.3d at 35, may have changed with the court's denial of the Board's motion to stay proceedings in this court, I find quite unpersuasive the Board's attempt to argue the diametric opposite of the position it asserted so vigorously upon receiving Parsons' brief.

Second, as the Board itself has recognized, this is not a simple case which can readily be disposed of in summary fashion. Parsons claims that the contested issues in this controversy include "the effect on light and air on neighbors, [the] adequacy of the 'trellis' to unite two 'primary structures' into a single structure, and the precedential, cumulative effect of the application sought [sic] on identical adjacent row houses." The Board's response in its brief is that these issues were not contested by a party to the agency proceedings. But since it is undisputed that Parsons, though not a party before the Board, has standing to raise these issues, and since, if these issues had been presented by a party, findings and conclusions would indubitably have been required, I think that it would unnecessarily exalt form over substance to hold that this court must conduct its review without being provided with findings and conclusions that would, as the Board itself has acknowledged and asserted, make such review far more informed and effective. To be clear, I am not as concerned about whether the Board's ultimate ruling is denominated "findings" and "conclusions" as I seek assurance that the Board will give "full and reasoned consideration to all material facts and issues," as required by *Dietrich,* 293 A.2d at 473.

## V.

For the foregoing reasons, I would vacate the Summary Order and remand the case to the Board for further proceedings consistent with this concurring opinion. I would authorize the Board, in the exercise of its discretion, either to issue findings and conclusions based on the existing record or to reopen the case for further testimony or submissions. Like the court, I would take no position at this time with respect to any of the substantive issues raised by the petition for review.